18 So.2d 627

STATE ex rel. JONES, Governor, v. SLATER.

No. 37488.

May 22, 1944.

George M. Wallace, of Baton Rouge, Edward M. Heath, of New Orleans, and James I. Smith, of Baton Rouge, for relator.

A. Giffen Levy and Hugh M. Wilkinson, both of New Orleans, for respondent.

HAMITER, Justice.

In this intrusion into office suit, instituted by the State of Louisiana on the relation of Sam H. Jones, Governor, against Benjamin R. Slater, relator alleges that on June 7, 1943, he appointed Walter J. Blaize as Sheriff and Ex-Officio Tax Collector of the Parish of Plaquemines, to succeed Louis D. Dauterive who died on June 1, 1943, leaving an unexpired term of office of less than one year, and issued his (Blaize's) commission accordingly; that on June 11, 1943, Blaize subscribed to the oath of office and executed the necessary bonds and forwarded those instruments for recordation to the several officials mentioned in the petition; but that Blaize failed to file copies of his bonds, within sixty days from the date of his commission, with the Supervisor of Public Funds as is required by the Constitution and Statutes of this state.

On discovering such omission, it is further alleged, relator, on December 23, 1943, declared the offices vacant and again ap-

pointed the said Walter J. Blaize to the positions; and on the same day, under the commission duly issued, Blaize completely and in accordance with every requirement of law qualified for the offices of Sheriff and Ex-Officio Tax Collector of Plaquemines Parish.

Relator finally avers that Benjamin R. Slater, who is a resident and the Coroner of the Parish of Plaquemines, claims to be the sheriff of such parish and in the actual possession of that position, and he, Slater, has set up an office for the discharge of the duties of sheriff.

The prayer of the petition is that "there be judgment in favor of your relator and against the said Benjamin R. Slater, excluding the said Benjamin R. Slater from the office of sheriff of the Parish of Plaquemines and excluding him as Coroner from acting for and in the place of the sheriff of the Parish of Plaquemines, and condemning him individually to pay the costs hereof."

The suit was commenced on January 13, 1944. On February 8, 1944, defendant Slater excepted to the petition, urging that it failed to disclose any right of action or any cause of action in relator. The district court heard arguments on the exceptions on February 23, 1944, and took the matter under advisement. And on the same date, as shown by the minutes, it "agreed to fix the trial of this case on its merits for Monday, March 13, 1944, should the exceptions be overruled."

The trial was not held as scheduled. On March 16, 1944, however, the court decreed that the exceptions of no right and no

cause of action be referred to the merits. Further, on that date, pursuant to a motion by defense attorneys and to a rule made returnable instanter by agreement of all counsel, it was ordered by the court "that permission of this court is hereby granted to defendant, Benjamin R. Slater, to take the testimony of, and to orally examine, under the provisions of Act No. 115 of 1934 as under cross examination, plaintiff and relator, Sam H. Jones, Governor, said testimony to be used in this cause, and to be taken in the manner, and after the notices provided in Act 143 of 1934." Immediately after the signing of the order defendant filed his answer.

On the day following, that is on March 17, 1944, counsel for relator presented to this court an application in which they asked for the issuance of a writ of certiorari directing the district judge to send up the record in the cause; for a decree overruling the exceptions of no right and no cause of action; for judgment annulling the ruling that granted permission to defendant to take the testimony of Governor Sam H. Jones; for an order staying proceedings in the district court pending the hearing here; and, finally, for the issuance of a writ of mandamus ordering the district judge "to proceed with the trial of said cause by preference over all other cases and without being fixed for trial."

The specific complaints made in the application are: 1—That the district judge "unlawfully referred the exceptions of no right and no cause of action to the merits of the cause, without deciding (as it was his duty to do) the same"; and 2—That the order issued in connection with the

rule to take the Governor's testimony is null, void and of no force or effect.

With reference to the second complaint, it is urged primarily: "That the Honorable Sam H. Jones is Governor and Chief Executive of the State of Louisiana and by virtue of his office is head of the Executive. Department, and is therefore, not amenable to the processes authorized by Acts Nos. 115 and 143 of 1934."

On the showing made, especially that relating to the taking of the Governor's testimony, we granted, on March 27, 1944, the writ of certiorari, stayed proceedings in the district court until our further orders, and issued the usual rule to show cause.

Later, on April 17, 1944, the case, with the record from the district court, was submitted for our consideration. However, since that submission defendant Slater, so we are informed, has taken the oath of office and has otherwise qualified as the duly elected Sheriff and Ex-Officio Tax Collector of Plaquemines Parish for the new and full regular term of four years. That the qualifying of Slater in that capacity would occur was indicated in the application of relator's counsel invoking our supervisory jurisdiction, it containing the following statement:

"That the defendant has been nominated by the Democratic Party for the office of Sheriff of Plaquemines Parish for the ensuing term, which is equivalent to election, and that the earliest date he could qualify is thirty days after the general election of April 18, 1944; hence only a short time of the term remains."

Consequently, on this decision day, which is the first such day since the submission of the case and the forwarding of its record to us, there exists no controversy over the offices heretofore in dispute. From this it follows that our passing upon the above-mentioned issues of law, which are now entirely moot, will serve no useful purpose; and a decision on them will not be rendered.

■ Applicable to this matter in its present condition is the following well-considered expression found in Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660, 662:

"It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow. So where it is impossible for the appellate court to undo what has already been done, the court will not determine the questions litigated in the court below, * * *. This principle is one of general application. * * *"

■ Perhaps it is well to comment that if we had adjudicated on the preliminary issues herein tendered within a day or two after the furnishing of the record to us and before the commencement of the new term of office and prior to the next ensuing regular decision day,—a course not in keeping with this court's usual and orderly consideration of litigation—the adjudication would have availed relator nothing in so far as the ultimate decision of the controversy is concerned. Expiration of the disputed term of office would have occurred long prior to the final determination of the cause, because a trial

of the merits (not yet had), applications for rehearings, an appeal, and other procedural steps would have entailed considerable delays and consumed the remaining period of time.

Therefore, by reason of the fact that the action has abated, the writs heretofore issued are recalled and set aside.