McCALEB, Justice
(dissenting).
I adhere to my previous view that the writs herein were improvidently granted because of the fact that the case will be moot (election being November 6, 1957) before any decision this Court is • able to render will become final and effective. See State v. Hayes, 199 La. 269, 5 So.2d 768; Pettingill v. Hills, Inc., 199 La. 557, 6 So. 2d 660; Pellegrin v. City of Gretna, 222 La. 527, 62 So.2d 824; Freret Civic Ass’n v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893; Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Jefferson 7th Ward Social Club v. Grevemberg, 225 La. 607, 73 So.2d 777; State ex rel. Jackson v. Madden, 225 La. 786, 74 So.2d 29; Succession of Washington, 229 La. 862, 87 So.2d 9 and particularly State ex rel. Jones v. Slater, 205 La. 1077, 18 So.2d 627.
But, apart from this, I have no difficulty in concluding that the trial judge was right in restraining the Board of Supervisors from appointing commissioners from any list other than that submitted by the Parish Democratic Committee as that committee was the only committee representing a political party that submitted a list of names in accordance with law. The pertinent portion of R.S. 18:555 provides:
“In every parish the board of supervisors shall, thirty days prior to any election, appoint three commissioners and one clerk to preside over the election at each polling precinct. They shall be qualified voters of the ward of which the polling precinct forms a part and shall be appointed from lists to contain not less than six names furnished by each political party. These lists shall be furnished to the board at least thirty-five days before the day of the election. Any list offered after that date shall not be received, nor .shall any such list be received or acted upon or recognized by the board of supervisors of election which ■ shall contain the name of any person not registered as affiliated with the party handing in the list. * * * The parish committee, subject to the approval of the state central committee of each political party, shall select the names which are to be sent to the board as provided herein.” (Italics mine.)
The foregoing is clear and explicit, spelling out the authority and duties of each parish Board of Supervisors. The power of appointment granted these boards is lim *159 ited to appointment from a list to be furnished by the political party. The only authority these boards have to reject any list is plainly stated to be (1) when the list has not been received within 35 days before the date of election and (2) it may refuse to act on any such list when it contains the name of any person not registered as affiliated with the political party handing in the list.
In the instant case, the Board of Supervisors concedes that the list was timely furnished by the Plaquemines Parish Democratic Executive Committee and it does not contend that any person on that list is not registered as a member of the Democratic Party. The Board’s sole and only reason for refusing recognition of the list is because it does not contain the specific stamp of approval of the Democratic State Central Committee.
My answer to this contention is that the law neither requires nor does it envision that the state central committees of the recognized political parties of this State shall be submitted lists by the 64 parish committees or that the names on such lists shall be investigated and specifically approved. On the contrary, since the insertion in Act 224 of 1940 of the provision subjecting the lists of the parish committees to the approval of the state central committees, the Democratic State Central Committee has at no time required the various parish committees to submit their lists to it for specific approval.
The majority have interpreted the phrase “subject to the approval of” to mean that the selections of the parish committee are without validity unless they are given the express approval of the state central committee. It seems clear to me that, had the legislature intended that such approval be a condition precedent to the validity of the selections, it would have employed appropriate mandatory language, such as “The board of supervisors shall not consider any list selected by the parish committee unless it has been approved by the state central committee of the political party.” But the words “subject to the approval of” import no such mandatory requirement. The express approval of the state central committee is not contemplated — this body is simply given the power to disapprove. The absence of disapproval is equivalent to tacit approval.
At any rate, the matter of the approval of the list is one which concerns the Democratic State Central Committee alone and the Board of Supervisors is without interest in refusing to honor the list save in cases where the real party in interest, the Democratic State Central Committee, has notified the Board that it disapproves the list submitted to the Board.
I respectfully dissent.