GUIDRY, Judge.
The defendant father appeals that portion of a judgment on rule dismissing his demand for reduction of a previously granted child support award and ordering him to pay to plaintiff, his former wife, for the support of the minor children born of their marriage, Carol Delana Marcantel and Myra Denise Marcantel, the sum of $112.50 each or the total sum of $225.00 monthly.
The judgment appealed from specifically provides that the child support therein fixed is to “automatically terminate upon the eighteenth birthday of the child”. The record reflects that on the date the judgment was signed in the trial court the minor, Myra Denise Marcantel was 8 years old and the minor, Carol Delana Marcantel was 17 years of age. Carol Delana reached her eighteenth birthday on September 30, 1976 and pursuant to the terms of the judgment the child support award to her automatically terminated. Defendant’s appeal as to that part of the judgment awarding child support on behalf of Carol Delana has become moot and must be dismissed. It is the function of a reviewing court to render a judgment that can be made effective and not to give an opinion on a moot question or an abstract proposition. State ex rel. Jones v. Slater, 205 La. 1077, 18 So.2d 627 (La. *279 1944); City of Lake Charles v. Nope, 92 So.2d 144 (La.App. 1st Cir. 1957); In re Baer, 310 So.2d 537 (La.1975). Accordingly, we will consider correctness of the trial court judgment only insofar as it awards child support to Myra Denise Marcantel in the amount of $112.50 per month.
Appellant does not seriously contend or argue that the sum of $112.50 per month will adequately take care of Myra Denise’s expenses for food, clothing, shelter, medicine, schooling, etc. He does contend, however, the evidence establishes that since the child support award was last fixed, i.e., May 30, 1975, his income was drastically reduced; appellee’s financial condition has improved; and, therefore the trial court erred in refusing to grant a reduction of the previous award.
We do not agree with appellant’s appreciation of the evidence. When the award was last fixed appellant was earning the sum of $750.00 per month. He was ordered to pay the sum of $235.00 per month as alimony and child support. The alimony award to his wife terminated as a result of her remarriage and that portion of the award to his daughter Carol Delana automatically terminated on September 30, 1976. He is presently under obligation to pay only the sum of $112.50 monthly for support of Myra Denise. The record reflects that appellant is now self-employed and although he contends his business is losing money he does draw the sum of $500.00 monthly.
Both the father and mother have an obligation to support and educate their children. LSA-R.C.C. Article 227; Porter v. Cooley, 293 So.2d 258 (La.App. 3rd Cir. 1974). In the instant case the learned trial judge concluded that balancing the needs of Myra Denise against the ability of both parents to contribute to her support appellant should pay $112.50 per month for her support. We discern no error in this ruling.
For the reasons assigned this appeal as to that part of the trial court judgment awarding child support to Carol Delana Marcantel is dismissed. In all other respects the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant.
APPEAL DISMISSED IN PART AND AFFIRMED IN PART.