GULOTTA, Judge.
In his appeal from an alimony award in favor of the wife, after divorce, defendant claims the evidence shows that the separation and ultimate divorce resulted from mutual fault of the parties and plaintiff is not entitled to alimony. According to defendant, his wife’s indifference, as well as his own, resulted in the parties’ occupying separate bedrooms and caused the deterioration of the marital relationship.
The plaintiff-wife filed suit for separation from bed and board on the ground of abandonment in July, 1973. Agreement was reached on alimony and child support, and it was not until September 8,1975, that defendant answered and reconvened for a divorce based on two-years voluntarily living separate and apart. After trial on the merits, the trial court granted the divorce and further found that the wife was free from fault. Alimony and child support were continued in the same amount agreed upon earlier by the parties. As pointed out by plaintiff, the husband has not alleged any fault on the part of the wife; only the husband’s general denial puts the question at issue.
We fail to find any evidence in the record supporting the husband’s claim. The testimony is undisputed that the husband had suggested he and his wife sleep in separate bedrooms and she acquiesced in the matter. This regimen had started before the birth of their child and continued until the husband abandoned the marital domicile completely. Admittedly, the suggestion of living separate and apart was acquiesced in by the wife to such an extent that she stated that she would have moved out, had he not.
Under our jurisprudence, the wife has the burden of proving freedom from fault as a prerequisite to alimony after divorce. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Adler v. Adler, 239 So.2d 494 (La.App.4th Cir. 1970), writ refused, 257 La. 168, 241 So.2d 530 (1970); Kratzberg v. Kratzberg, 286 So.2d 174 (La.App.4th Cir. 1973). In Carter v. Carter, 316 So.2d 829, 830, 831 (La.App.1st Cir. 1975), writ refused, 320 So.2d 913 (La.1975), in imposing this burden in those cases where the husband does not .allege specific instances of fault on the part of the wife, the court stated the wife’s burden “must be applied with reason and fairness” and went on to say:
“ * * * Unless the wife is informed by the husband’s answer to her petition for alimony by some specific allegation of fault on her part, she is put in the impossible position of disproving every conceiv *1265 able fault which could bring about a separation between married persons. * * ”
In our case, fault on the part of the wife was neither alleged nor proved.
Undoubtedly, indifference permeated this marriage, but the wife’s acquiescence to her husband’s suggestions of sleeping in separate bedrooms and, ultimately, living separate and apart does not constitute fault on her part. Though it is true that prior to the separation the wife characterized their marital relationship as one between “friends more than . . . husband and wife” and that she would have left had not the husband done so, it is undisputed that the wife cooked meals for the husband and that he had total access to her bedroom. In Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707, 709 (1958), the Louisiana Supreme Court stated that the wife need not be “totally blameless in the marital discord” in order to be free from fault:
“ * * * For to constitute fault within the meaning of LSA-Civil Code, Article 160, the wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband. $ * * »
Indifference breeds indifference. The wife’s indifference in the instant case resulted from the husband’s indifference. Under these circumstances, a wife cannot be found to be at fault.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED