354 So.2d 705 (1978)
Ronald Joseph SAVOIE
v.
Anita M. Ordoyne Savoie, wife of Gene CURTIS.
No. 8838.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
*706 Carol B. Hart, New Orleans, for plaintiff-appellant.
Perez, Fernandez, Seemann, Egan, David Gorbaty, Chalmette, for defendant-appellee.
Before REDMANN, LEMMON and STOULIG, JJ.
LEMMON, Judge.
This litigation began as a motion by the father for a change of child custody based on various grounds associated with the mother's present husband's relocation to Saudi Arabia for two years to accept an economically beneficial job opportunity. The father's appeal is limited by stipulation to his alternative demands for termination of support payments and for visitation for two months during the summer at the mother's expense. He questions the judgment insofar as he is ordered (1) to continue child support for two children, ages 6 and 8, at the rate of $170.00 per month (except when the children are with him), and (2) to pay one-half of the cost of round trip transportation for the children's two-month visitation with him in the summer of 1978.
The combined gross annual income of the father and his present wife (who has no children) was $21,200.00, while the mother's present husband's gross annual income in Saudi Arabia was to be $27,220.00, plus free housing, utilities, automobile and gasoline.
The father first argues that he should not be required to continue support at the same rate because the children are the beneficiaries of their stepfather's increased salary and fringe benefits.
Both parents have the obligation of supporting, maintaining and educating their children. C.C. art. 227. Child support is to be fixed according to the needs of the children and the circumstances of the parents obliged to pay the support. Marcus v. Burnett, 282 So.2d 122 (La.1973). The trial judge is vested with wide discretion in fixing an award of child support. We find no abuse of discretion in the judgment ordering the father to pay $170.00 per month for the support of two children under the circumstances of this case. The father's suggestion that a trust fund be established with his support payments for use in time of greater need shows commendable concern for his children, but no abuse of discretion can be attributed to rejection of this suggestion.
The father further argues that the order requiring him to pay half of the $2,000.00 to $2,400.00 cost of transportation necessary to accomplish the summer visitation is in effect an increase of his original support obligation.
An increase in visitation costs always accompanies the custodial parent's relocation to a more distant city. The inherent issue is the equitable assessment of the increased costs.
Here, the children's move was for the economic betterment of the mother's present family, and the trial court in effect allowed her to remove the children temporarily from this jurisdiction on the condition that she pay for the return trip to Saudi Arabia after the summer visitation.[1] At the same time the trial judge in effect placed the cost of the trip to Louisiana on the father who requested the right of summer visitation and should reasonably bear *707 some of the expenses involved in the exercise of his right. We find no abuse of discretion in the handling of this temporary situation.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] The judgment ordered reestablishment of the original visitation privileges in June, 1979.