SAMUEL, Judge.
This is an appeal by the former husband from a judgment which dismissed his rule to reduce child support payments and, on the wife’s rule, awarded her $1,673.28, representing medical insurance premiums paid by her from September, 1977 to August, 1979.[1]
The husband’s rule for reduction was based upon the alleged fact that the original award of $100 per week, granted on August 19, 1977, was for the total support of four children, and two of the children have reached the age of majority.
The husband testified he has since remarried and his expenses have increased substantially, although his income of $1,100 per month as a painting contractor has increased only slightly. As a result of a marriage contract entered into with his present wife, they do not have community property. The home he lives in is owned by his present wife and was so owned prior to their marriage. He makes up the difference in monthly living expenses by dipping into savings.[2] He has not made medical insurance payments since 1977 because he contends the $100 per week award included all such expenses.
The former wife testified: Two of the children are still minors, a 17 year old daughter and a 13 year old son. Her expenses have increased since the award was granted. Her housing expenses have increased from $94 per month to $298 per month because she had to take first and second mortgages on the house to buy out her former husband’s interest; her food costs amount to $90-$120 per week; the tuition for her son at a private Catholic high school costs $1,150 per year; and her medical insurance costs $69.72 per month for the entire family (the cost for medical insurance would be the same regardless of the number of children covered). Thus, $100 per week is insufficient for support of the two minor children.
She further testified: The two adult children also live in the house, but they do not contribute to the household expenses because they are paying the cost of their college educations, for upkeep and insurance on automobiles necessary for transportation, and for their clothes. At the time of the original rule she worked part-time, earning $50 per week, but because of her increased expenses she now works full-time and earns $150 per week. Her husband has not reimbursed her for the children’s tuition or medical insurance since August 7, 1977.
In this court, appellant contends: (1) The award for child support should be reduced; (2) the award for past-due insurance premiums is incorrect and improper; and (3) alternatively, the matter has been compromised.
*767 We do not agree with appellant’s first contention. While it is true the support of the minor children is the responsibility of both parents according to the children’s needs and the means of the parents to pay,[3] it is clear the wife is carrying her burden. As the trial court found the $100 per week paid by the father was inadequate for the support of the children,[4] a finding with which we do not disagree, we cannot say he abused his discretion in continuing support at this rate, even though two of the four children had reached majority.
We also do not agree with appellant’s second contention, which is based upon earlier judgments in this case. It is his position that a judgment rendered by the trial court on August 17, 1977 ordered him to pay past due premiums and was silent as to future premiums, and a supplemental judgment rendered on September 16, 1977, which ordered him to pay medical expenses and provided insurance coverage, was found invalid by the appellate court.
These matters were adjudicated by us in an unpublished opinion on December 7,1978 (No. 9588 of our docket) and discussed by us in detail.[5] At the hearing of consolidated rules in the trial court the husband admitted his failure to pay tuition and to provide medical insurance after September 30,1975, and accordingly, the trial court awarded the wife the unpaid premiums made by her and any medical expenses incurred since November, 1975 which would have been covered by insurance had such coverage been provided.
It is immaterial that the August 17 judgment did not specify the husband was to provide medical insurance in the future. That judgment properly was concerned with past due obligations. The earlier judgment in the divorce decree ordering him to provide medical insurance was still in effect, and the wife’s rule, in essence, was only to make past due payments execu-tory.
As to the September 16, 1977 judgment, we found the award for medical expenses invalid because it was based upon cancelled checks and medical expenses attached to an ex parte supplemental judgment. Therefore, we remanded the case for evidence and decision in the trial court according to the following guidelines:
“Mr. Chaney is to pay: (1) all medical expenses incurred prior to May 1, 1976 which would have been covered by the medical insurance he failed to provide or which exceeded $50; and (2) all medical expenses incurred after May 1, 1976 which exceeded $50 and which were not covered by insurance.”
Lastly, plaintiff contends the matter was compromised and therefore he has no further liability. We do not agree with this contention. Following our appellate decision, and prior to remand, the wife proposed in writing that if the husband would pay her $1,732.83[6] “in full settlement of all claims stemming from the judgment of the Court of Appeals of December 7, 1978” she would forgive any claim for medical expenses for 1974, 1975 and 1976. Shortly thereafter, the husband sent a check for $1,624.83 “representing full settlement of the Judgment of the Court of Appeals No. 9588 regarding the various rules filed by Jack Chaney and his ex-wife Myrna.”
In our view, the “compromise” of the matter by forgiving medical expenses for 1974, 1975 and 1976 did not include the *768 forgiving of future medical insurance or payments therefor, and was concerned only with actual medical expenses already incurred because of the husband’s failure to provide the insurance coverage required of him by the judgment of divorce. That requirement to pay for medical insurance subsequent to 1976 was not included in the settlement or “compromise”.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The husband’s rule, filed May 10, 1979, was followed on July 2, 1979 by a rule by the wife for contempt, for tuition for the children, for an increase in child support, attorney’s fees, accumulated amounts due for medical insurance, and for medical expenses. The judgment dismissed her tuition claims and was silent as to her other claims [except for the insurance premiums]. She has not appealed.

. He has $400.50 in savings, received $20,000 in connection with the purchase of the community home by his former wife, and doesn’t know if he or she have any saving certificates.

. Savoie v. Curtis, La.App., 354 So.2d 705; Marcantel v. Marcantel, La.App., 342 So.2d 278; Foster v. Marshall, La.App., 341 So.2d 1354; Burks v. Burks, La.App., 293 So.2d 923.

. As we noted in our December 7, 1978 unpublished opinion mentioned infra, “the limiting factor in the initial support award was the father’s means, rather than the children’s needs ..."

. The husband had filed a rule to terminate alimony and child support and the wife filed a rule for tuition and medical insurance payments made by her when the husband failed to provide medical insurance, as ordered in the divorce judgment.

. Itemized as follows: tuition, $1,002.50; medical insurance premiums, $424.93; interest from April, 1977 through March 1, 1979, $197.90; and court costs, $108.