424 So.2d 474 (1982)
Barbara West CUSTARD
v.
Carl CUSTARD.
No. 5-291.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
*475 Rebecca B. Macke, Metairie, for Barbara West Custard plaintiff-appellant.
Stephen J. Hornyak, Gretna, for Carl Custard defendant-appellee.
Before BOUTALL, BOWES and DUFRESNE, JJ.
BOUTALL, Judge.
This is an appeal by the wife from a judgment which dismissed her rule to increase child support payments. Her rule was based on the fact that the original award of $65 every two weeks for the support of two children, which had been arrived at by consent of the parties five months prior to this rule, was inadequate because of a change of circumstances. At the time of the original judgment, appellant and the children were living with her mother and she had no rent, electricity, food, telephone expenses, etc. Since that time she has moved with the children to an apartment.
Both husband and wife are employed by the post office. Her gross salary is $1,851.85 per month. His gross salary is $1,554 per month. The two children are nine years and twenty months old, respectively.
The wife submitted an itemized list of expenses[1] and testified she has the following monthly expenses now that she did not have at the original rule when she was living with her mother:

Rent_________________________________ $ 350.00
Electricity__________________________ 100.00
Telephone____________________________ 25.00
Food_________________________________ 200.00
Laundry & cleaning___________________ 35.00
Transportation_______________________ 120.00
Miscellaneous School Expenses for the
 School age Child for Field Trips,
 etc.________________________________ 20.00
 _________
 $ 850.00

The parties settled the community in April about the time of the original setting and at that time the wife received $2,000.00 (of which she lent her husband $400.00) and accepted the obligation to pay an account at Borg Warner, Universal Furniture and G.M.A.C. She listed these as monthly expenses but the judge pointed out that it was part of the settlement agreement. She also *476 made a new loan after the separation with the Federal Credit Union which she listed in her monthly expenses.
The husband testified he has the following monthly expenses.[2]

House Note___________________________ $ 754.13
Food_________________________________ 100.00
Utilities____________________________ 104.00
Insurance (including auto ins.)______ 134.00
Blue Cross (including his wife and
 children)___________________________ 42.00
Life Insurance (for children)________ 22.60

The husband has been going to college at night and received a VA allowance of $493. However, he is failing one of the courses because he is taking on too heavy a work load and expects to cut back from 12 hours per semester to 6 hours. The VA stipend does not include expenses and tuition, which he is required to pay.
Appellant contends: (1) She is entitled to an increase in the award due to a change in circumstances; (2) the award is manifestly erroneous; and (3) the trial court erred in failing to order her husband to liquidate his assets.
Both parties agree that the mover seeking an increase in child support must prove a change in circumstances since the award sought to be revised was made. Wasson v. Wasson, La.App. 402 So.2d 718; Lucien v. Lucien, La.App. 378 So.2d 518; and Stolier v. Stolier, La.App. 357 So.2d 1334.
It is not disputed that plaintiff was receiving free rent, food, telephone, etc., at the time of the original judgment when she was living with her mother. Her circumstances have indeed changed. She is not required to impose upon her mother for the support of the children, nor is her mother required to shoulder the burden.
The support of minor children is the responsibility of both parents according to the children's needs and the means of the parents to pay. Chaney v. Chaney, La.App. 402 So.2d 765; Savoie v. Curtis, La.App. 354 So.2d 705; Marcantel v. Marcantel, La.App. 342 So.2d 278; Foster v. Marshall, La.App. 341 So.2d 1354. It is clear that the wife is carrying her burden, the only issue is whether the husband is bearing his proportionate share. We conclude that the husband should be making a greater contribution to the support of his children.
The trial judge in his reasons for judgment recognized that the amount of support being furnished was inadequate insofar as the needs of the children were concerned and admonished the husband that he would have to reorganize his finances and pay more in the future. He was led to the conclusion that the obligations of Custard was so great that he could not require him to pay more child support at this time. We are of the opinion that the trial judge erred as a matter of law in giving greater weight to the husband's inability to pay than the necessities of the children and their best interest. In particular Custard is carrying two obligations which cause his financial problems, the first being the house note of $754.13, and the second being the item of $367.48 for repayment of loans or charge account payments. While we agree with the trial judge concerning the problems that Custard is facing, nevertheless the support of his children must be our first consideration. At the same time, we must recognize that there simply is not enough money available to pay as much support as Mrs. Custard contends to be necessary for the children, and we must reach some lower figure considering the ability of both Mr. Custard and Mrs. Custard to pay.
Under the facts of this case, we conclude that a realistic figure for the support of the two children is the sum of $505.00 per month. Mr. Custard is required to pay $65.00 every two weeks, which changed to a monthly basis equals $140.83. In addition he voluntarily provides for the medical bills of the children and also provides for the *477 maintenance of the older child every weekend. Based upon these factors we conclude that the reasonable amount of support to be furnished by him should be increased to $100.00 payable every two weeks. Additionally, considering the problems existing between these parties, and the length of time from date of trial to the hearing in this court, we conclude that as a matter of fairness, we should make the payments retroactive to March 5, 1982 rather than date of judicial demand. See La.C.C.P. 2164. "See also" Phillips v. Phillips, 319 So.2d 566 (La.App. 4th Cir.1975); Hall v. Hall, 379 So.2d 826 (La.App. 4th Cir.1980) (wherein a date other than that of judicial demand has been used).
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Barbara West Custard, maintaining her rule for an increase and ordering defendant in rule, Carl Custard, to pay child support in the sum of $100.00 every two weeks, payable every other Friday beginning March 5, 1982. All costs in both courts are to be paid by defendant, Carl Custard.
REVERSED AND RENDERED.
NOTES
[1] Her written itemized list of income and expenses in the record indicates expenses of $1,908.82 per month on a net pay of $1,200.00. She listed (but did not itemize) $600.00 in payroll deductions. The record offers no explanation of such a large deduction. On cross examination she admitted that one of the items on her list included a charge account at a men's store where she purchased clothing for her brothers and a male co-employee at a cost of $150.00.
[2] His written list of expenses total $2,139.22. He did not testify as to all the items listed on his statement.