442 So.2d 817 (1983)
Doyal Lavern JONES
v.
Martha Nell JONES.
No. CA-0858.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Mark Alan Jolissaint, Mark Alan Jolissaint, P.C., Slidell, for defendant-appellant.
Before SCHOTT, BARRY and LOBRANO, JJ.
BARRY, Judge.
A former wife appeals the denial of alimony after divorce due to a finding of mutual fault.
Doyal and Martha Jones were married on November 21, 1972, had two children, and *818 were divorced January 7, 1982 based on living apart more than one year under LSA-R.S. 9:301. Mrs. Jones was granted custody and Mr. Jones agreed to pay $300.00 per month child support. On May 4, 1982 Mrs. Jones filed to increase child support and to establish her freedom from fault for post-divorce alimony. Judgment was rendered increasing child support to $370.00 per month[1] and her request for alimony was denied for the following reasons:
The court finds that both parties are at fault in connection with the conclusion of the marriage.
The parties basically could not even agree which date they began living separate and apart.
The court, after observing the witnesses, finds that both of them created mental abuse and said mental abuse, in connection with the action of both of these parties, causes the court to come to no other conclusion but that each were at fault in connection with the demise of the marriage.
The sole issue is whether there is sufficient evidence to preclude alimony based on the wife's fault. The record is very brief with testimony from the wife, husband, husband's father, and a friend of the wife.
Mrs. Jones testified that her husband was in and out of their home at his whim. Some time prior to their separation Mr. Jones rented an apartment in Slidell where he would stay for a week, return to her and the children, then leave again. She stated this continued beyond May 30, 1980, the date when the parties allegedly stopped living together, and even subsequent to their final divorce. Mrs. Jones said no specific incident caused their separation. On cross-examination it was brought out that Mrs. Jones had a friend named Brenda who liked to drink and Mr. Jones objected to their friendship. She admitted not getting along with her husband's two brothers and father, but was friendly with his mother. She denied telling her husband she didn't love him or wanted a divorce, but that he said both to her. She stated she did nothing to cause the separation and felt the major problem was his living away for weeks at a time, then returning home at will.
Mr. Jones,[2] a truck driver, testified that no particular incident caused him to leave his family. He complained that his wife was "generally" not a good housekeeper and when he would return from a trip in need of sleep his wife's "alcoholic" friend Brenda would be there drunk and he could not sleep. He admitted his wife was not drunk at those times. When asked why he and his wife separated, he said "she kept fretting me about a divorce saying she was not satisfied with things. I kind of got tired of hearing that.... Mainly, she wanted to argue. That was the main cause.... We simply couldn't get along." He complained that his wife frequently called his company to ask when he would return home and he "caught flack" because of the calls. He admitted when he filed for divorce he was renting a place in Slidell and was also staying in New Orleans. He also said his wife did not get along with his father and brothers but was very close to his mother.
Mr. Jones' father confirmed he and his daughter-in-law did not get along, but his testimony sheds no light on the question of legal fault.
Mrs. Audrey Bunch testified she left her children with Mrs. Jones while she worked. She called Mrs. Jones an "excellent housekeeper" and a "Christian woman" who did not drink, curse or gossip.
That is the substance of the testimony by which the trial judge found mutual fault and denied alimony. Our Supreme Court considered the nature of "fault" sufficient *819 to bar alimony in Adams v. Adams, 389 So.2d 381 (La.1980) and succinctly summarized the law at pp. 382-383:
Civil Code art. 160, dealing with alimony after a final divorce, requires freedom from fault on the part of the claimant spouse as one prerequisite to an award of alimony. In interpreting this requirement, this Court stated in Pearce v. Pearce, 348 So.2d 75, 77 (La.1977):
"We have held that, under this statute respecting an award of alimony to a wife without `fault', the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir.1970). To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958).
Although not specifically mentioning C.C. art. 138(1)-(8), or C.C. art. 139 by name, this language clearly indicates that only such conduct as will entitle one spouse to a separation or divorce under these articles is sufficient to deprive the other spouse of alimony after a final divorce. (Footnote omitted).
Mr. Jones' disapproval of his wife's companion, Brenda, unintrusive phone calls to Mr. Jones' place of work, and Mrs. Jones' incompatibility with her husband's family are insufficient grounds to support a legal separation. The evidence fails to show any specific incident that caused their separation. To the contrary, the record establishes that Mrs. Jones' actions (arguments) were responsive to her husband's moving in and out of their home. The fact that she quarreled with him and questioned his whereabouts under those circumstances is understandable but inadequate to establish her fault in causing the failure of the marriage. "Under existing Louisiana law and jurisprudence, a continued pattern of mental harassment, nagging and griping by one spouse directed to the other can constitute cruel treatment, but mutual incompatibility, fussing and bickering cannot." Loyd v. Loyd, 336 So.2d 912, 913 (La.App. 2d Cir.1976).
We have carefully reviewed the pleadings and transcript and are unable to find misconduct on the part of Mrs. Jones which would constitute "mental abuse" or any other grounds to support a separation under C.C. Art. 138 or 139. There was no serious misconduct or substantial acts by the wife which were violative of her marital duties. The wife's conduct was not an independent contributory or proximate cause of the divorce; rather her reactions were a justifiable response to the husband's primary fault. Bruner v. Bruner, 364 So.2d 1015 (La.1978). The trial judge's finding to the contrary was manifestly erroneous. We therefore hold that Mrs. Jones was without legal fault and is not barred from post-divorce alimony. See Layman v. Layman, 428 So.2d 1168 (La. App. 5th Cir.1983).
After the hearing on fault the trial judge proceeded with the rule to increase child support. No evidence was presented as to alimony and a remand is necessary for that purpose.
The judgment of the trial court is reversed as to the determination of fault on the part of Mrs. Martha Nell Jones, and there is judgment in her favor entitling her to seek alimony under LSA-C.C. Art. 160. This matter is remanded for further proceedings.
REVERSED, RENDERED, REMANDED.
NOTES
[1] The judgment also ordered the husband to pay the note and insurance on the community trailer where Mrs. Jones and the children lived ($228.00 + $26.00) and to pay medical expenses and insurance for the children.
[2] Mr. Jones did not answer the appeal or appear.