CHEHARDY, Judge.
This is an appeal by Angela Gagliano Trinchard from a judgment awarding her the sum of $100 per month as child support for her two sons, aged three and four.
The evidence presented at trial of the rule to set child support was minimal. The parties stipulated to each other’s expense lists. The evidence established that Mrs. Trinchard earns a net monthly salary of $850 and interest income of approximately $80 a month, totaling $930 a month. She listed total monthly expenses, for both herself and the children, as $1,724. Glen Trinchard, appellee, stated his income at present is entirely from worker’s compensation benefits of $183 per week (approximately $793 per month). He listed his total expenses as $1,565.
*401 Based on these lists, and perfunctory testimony relating thereto, the trial judge set the child support at $100 per month.
Mrs. Trinchard’s expense list is as follows:
Rent $375.00
Groceries 150.00
Utilities 85.00
Telephone 26.00
Medical 37.00
Insurance 66.00
Haircuts 12.00
Clothing Self 50.00
Children 50.00
Personal items 35.00
Child care 315.00
Taxes 215.00
Recreation 125.00
Gifts 58.00
Vacation 125.00
Total $1,724.00
Mr. Trinchard listed the following expenses:
Rent $350.00
Groceries 100.00
Utilities 80.00
Telephone 25.00
Medical 50.00
Insurance 70.00
Car note 215.25
Car operation and maintenance 50.00
Haircuts 10.00
Clothing 25.00
Personal items 50.00
Taxes 200.00
Gifts 100.00
Vacation 200.00
Installment debt 40.00
Total $1,565.25
The trial judge is vested with great discretion in determining the amount of child support; absent a showing of abuse of discretion, the appellate court will not disturb the trial court’s award. Hudson v. Hudson, 421 So.2d 1188 (La.App. 2 Cir.1982). It is obvious that neither party has enough income to cover his or her minimum expenses, even if their lists are pared to the bare necessities. Accordingly, we cannot say the trial judge erred in awarding the mother only $100 per month for the two children.
Appellant has cited this court’s decision in Custard v. Custard, 424 So.2d 474 (La.App. 5 Cir.1982). In that case, we stated, “We are of the opinion that the trial judge erred as a matter of law in giving greater weight to the husband’s inability to pay than the necessities of the children and their best interest.” Appellant would have us apply the same reasoning to the case at bar.
The Custard case was distinguishable on its facts, however. The father, from whom the child support was due, carried two obligations which caused his financial problems, the first being a house mortgage note of $754.13, and the second the sum of $367.48 for payment of loans or charge accounts. Our decision that Mr. Custard should pay an increased amount of child support was implicitly based on the principle that neither equity nor practical inability to pay overrides the support obligation imposed on a parent of minor children or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent’s own neglect and failure. Moore v. Moore, 380 So.2d 180 (La.App. 2 Cir.1980).
Here, there is no showing that Mr. Trinchard’s inability to pay arises from his own neglect or failure. Mr. Trinchard’s worker’s compensation payment for permanent total disability, minus attorney’s fees on the worker’s compensation, gives him a take-home pay of only $146 per week. He has been ordered to pay $100 a month; considering that his income is inadequate to cover his basic living expenses, we find no abuse of discretion in the award made by the trial judge.
Needless to say, Mrs. Trinchard may seek an increase in child support should an appropriate change of circumstances occur.
Considering the foregoing, the judgment of the district court is affirmed.
AFFIRMED.