BOWES, Judge,
dissenting (in part):
I recognize, as the majority states in their opinion, that a trial judge has much discretion in a factual finding of fault and his findings should not be disturbed on appeal unless clearly wrong. However, I disagree with my learned brothers in their apparent view that the trial judge’s reasons here were sufficient to find the wife’s fault serious enough to deny her permanent alimony.
The trial judge’s oral reasons are quoted in the majority opinion and I note that he found “that while the husband may be greatly at fault, the wife also has some fault.” Then follows, in my opinion, one nitpicking, very weak, finding of fact why the wife is at fault.
A wife should not be deprived of permanent alimony under LSA-C.C. Art. 160 simply because she is not blameless. Baham v. Baham, 456 So.2d 1032 (La.App. 5 Cir.1984). To constitute fault which will prohibit a spouse from permanent alimony, a wife’s misconduct must be not only of a serious nature, but must also be an independent, contributory or proximate cause of the separation. Pearce v. Pearce, 348 So.2d 75 (La.1977); Oster v. Oster, 480 So.2d 470 (La.App. 5 Cir.1985). In my opinion, Mrs. Nance’s behavior did not fall into this category, and it appears to me, from *90 his reasons, that the trial judge did not find this either.
In my view, the record, taken as a whole, does not support either the trial judge’s ruling nor the opinion of my esteemed colleagues. I find that the wife’s fault is very slight compared to the overwhelming fault of the husband and is not sufficient to bar her from receiving permanent alimony.
Accordingly, I respectfully dissent.