JjLOLLBY, J.
This is an appeal on behalf of C.S.B., a 49 year old male (the “appellant”), from a judgment of commitment in the First Judicial District Court, Parish of Caddo, Louisiana rendered in favor of his brother, Bryan T. Brown (“Brown”). For the following reasons, we dismiss this appeal as moot.
Facts
In April 2003 appellant was interdicted in an interdiction proceeding by the same trial judge that heard the commitment proceeding which is the subject of this appeal. A judgment of limited interdiction was rendered and a curator named.[1] Arrangements were made whereby appellant was allowed to live alone in his previous dwelling. Ultimately, serious differences of opinion arose among appellant, the curator and others involved in the care of appellant. As a result of these differences, Brown filed a Petition for Judicial Commitment against appellant on December 1, 2003, in the interdiction proceeding, alleging that C.S.B. was “physically, emotionally and psychologically disabled.” Brown also claimed that appellant’s use of drugs and/or alcohol made him a danger to himself and others. On December 17, 2003, various motions were filed, including a Motion to Dismiss requesting that the proceedings be dismissed or transferred for random assignment to the proper court. The motions were denied on December 18, 2003, as a preliminary matter. A bench trial was held on December 18, 19 and 22, 2003 before the same trial judge that interdicted 12appellant previously and judgment rendered in favor of Brown committing appellant for involuntary treatment at The Pines Treatment Center where he remained until February 9, 2004. This appeal ensued.
Discussion
The sole issue on appeal is whether or not it was error for the trial court to hear a subsequent commitment proceeding when the same trial judge heard the appellant’s interdiction proceeding. Appellant argues that the commitment proceeding against him was improperly filed in a previous interdiction proceeding in violation of La. C.C.P. art. 253.1, Rule 23 of the First Judicial District Court Rules, and public policy. Appellant contends that the requirement of random assignment of cases pursuant to La. C.C.P. art. 253.1 applies to judicial commitments mandating that the commitment of C.S.B. be filed and allotted independently of the previous interdiction proceeding. Rule 23 of the First Judicial District Court’s local rules, states that “... the Family Law Division will handle all aspects of all civil mental commitment matters from filing to the end of the case.” However, the Family Law Division did not *999 handle the matter. Nevertheless, for the following reasons, we deem this issue to be moot.
The appellant had already been committed for involuntary treatment at the time of appeal and was released from the commitment on February 9, 2004, rendering the issue raised on appeal moot. A moot case is one that seeks a judgment or a decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens, St. Bernard, Inc., 384 So.2d 405, 406 (La.1980). It is well settled that the function of the appellate courts is to | ¡¡render judgments that can be made effective and not to give opinion on moot questions or abstract propositions. State ex rel. Jones v. Slater, 205 La. 1077, 18 So.2d 627, 628 (1944); Orange Grove Properties, L.L.C. Allured, 2003-1878 (La.App. 1st Cir.06/25/04), — So.2d —, 2004 WL 1418052. It is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. Baxter v. Scott, 2003-2013 (La.2003), 860 So.2d 535; St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987). Furthermore, La. C.C.P. art. 2162 in pertinent part states:
An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
As the issue on appeal is moot, this court lacks jurisdiction to consider it. Therefore, we dismiss this appeal, and costs are assessed to appellant.
APPEAL DISMISSED.

. The attorney representing C.S.B. became his curator and continued to serve as his attorney. The original curator was replaced with a family member after the commitment proceedings were filed.