343 So.2d 393 (1977)
Deborah Donaldson SCHEXNAYDER
v.
Keith SCHEXNAYDER.
No. 8173.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
*394 Victor E. Bradley, Jr., Norco, for Deborah D. Schexnayder, plaintiff-appellee.
Daniel E. Becnel, Jr., Robert R. Faucheux, Jr., Reserve, for Keith Schexnayder, defendant-appellant.
Before LEMMON, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This appeal arises from a judgment in a suit for separation which granted the plaintiff Deborah Schexnayder a separation a mensa et thoro, made child support payments in arrears executory in the sum of $288.00, and made the consent judgment relative to child custody and visitation rights the final judgment of the court.
Both parties appealed that judgment.[1] Defendant Keith Schexnayder appeals that judgment insofar as it failed to give judgment for him in his reconventional demand for a separation a mensa et thoro and failed to reduce the amount of child support. The plaintiff answers that the judgment failed to award her complete temporary custody of the minor child and failed to award an adequate amount for child support.
Plaintiff had sought a separation on the basis of cruel treatment and, by way of supplemental and amended petition, living separate and apart for one year. During the trial on the merits it was shown that the marriage experienced a strained existence due to numerous arguments between the parties, and that after one such argument the plaintiff left the marital home and moved into her parents' home. Shortly thereafter, the defendant removed all of the plaintiff's clothing from the marital home and he himself moved into his parents' home, leaving the marital domicile for rental. Further, it was shown during the trial on the merits that after the plaintiff had moved from the marital domicile she had been visited at her parents' home by the defendant and during one such visit the defendant physically struck her.
Defendant argues that the trial court erred in failing to grant him a judgment of separation on the grounds of the plaintiff's abandonment. Defendant alleges that the abandonment occurred when the plaintiff moved out of the marital domicile in May, 1975, and refused to return to the defendant.
The law applicable to the present situation is Civil Code Articles 138(5) and 143. L.C.C. Article 138(5) reads as follows:
"Separation from bed and board may be claimed reciprocally for the following causes:

*395 "5. Of the abandonment of the husband by his wife or the wife by her husband; * * *"
L.C.C. Article 143 provides:
"Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board." (As amended Acts 1958, No. 154 § 1.)
We have construed these articles to mean that for a party to prevail on the allegation of abandonment not only must there be a withdrawal from the marital domicile, but there also must be exhibited on the part of the spouse who left a constant refusal to return. Belou v. Belou, La.App., 231 So.2d 580 (1970); Sciortino v. Sciortino, La.App., 188 So.2d 221 (1966).
In the case before us, there is no question but that the plaintiff left the matrimonial domicile. However, the defendant, who is the plaintiff in reconvention, offered no proof or testimony that he had attempted to reconcile with his wife and that she refused to return to the matrimonial domicile. To the contrary, the record and testimony indicate that the defendant moved the plaintiff's clothing out of the matrimonial domicile after she temporarily left and then he himself moved out of the matrimonial domicile and put the house up for rent. His striking her was certainly not conducive of reconciliation. It is our opinion that the acts of the defendant manifested his intent that there be no reconciliation or return to the matrimonial domicile by his wife.
The failure to prove the refusal to return to the matrimonial domicile necessarily prevents us from finding that Mrs. Schexnayder abandoned her husband, and the evidence of the husband's fault supports the judgment of separation granted to the wife.
During the proceedings the parties entered into a consent judgment regarding custody of the minor child, visitation rights and child support. Custody of the child under the agreement was to be 3½ days per parent per week and child support was to be set at $125.00 per month. The defendant became delinquent in his support payments and the rule for arrearages was tried with the merits.
Defendant did not contest the fact of the arrearage, but defended on the assertion that, because he kept the child most of the time, the plaintiff was not entitled to child support, and the amount should be reduced. The testimony showed that the defendant had purposely kept the child the majority of the time against the plaintiff's wishes. It was further brought out that neither parent could adequately care for the child because of their jobs and that the burden of caring for the minor child had fallen on the parties' respective families, particularly upon the paternal grandmother. We find no merit in the defense to the arrearage of child support and accordingly, we find that the trial court was correct in making the judgment for past due child support in the amount of $288.00 executory.
As for the appropriateness of the amount of child support awarded, we note that the trial judge has much discretion in fixing the amount of child support and his judgment will not be disturbed unless there is a clear showing of the abuse of that discretion. Moore v. Moore, La.App., 256 So.2d 782 (1972); Lamothe v. Lamothe, La. App., 262 So.2d 87 (1972); L.C.C. Article 231. An analysis of the record does not show any abuse of the court's discretion regarding the amount of child support and accordingly, we affirm.
We now consider the issue of custody of the minor child. There is no direct grant of "custody" of the child in the judgment of the trial court, but only a reference confirming the consent judgment of February 3, 1976. That judgment said "The court *396 awards custody jointly to both parties with equal responsibility for the care, legal obligations, and the welfare of the child."
Our law does not permit such a division of custody of a minor child. The welfare of a child generally requires custody and control under undivided authority, and custody of the child should be given to one of the spouses and not alternatively to each. Cormier v. Cormier, 193 La. 158, 190 So. 365 (1939); LeBouef v. LeBouef, La.App., 325 So.2d 290 (1975).
Necessarily, we must award custody of the child to one parent to give that parent authority to control the minor's affairs, otherwise, problems arise as are apparent in this case. An examination of the record does not show the mother, Deborah Schexnayder, unfit, and accordingly we award custody of the minor child to the mother.
However, the trial judge has worked out a plan by consent of the parties for keeping the child at the grandparents' homes. Although the trial judge uses the term "custody", he apparently means "supervision and visitation rights". Although the plan for visitation rights is somewhat unusual, it is temporary and apparently for the best interest of the child. We see no need nor basis to modify the visitation rights. The child's mother and paternal grandmother seem to have a workable relationship. We will not disturb those visitation rights unless the situation between the parties or of the minor child changes, at which time the party seeking modification of the agreement may apply for relief.
For the foregoing reasons the judgment of the trial court is affirmed as to the granting of a judgment of separation for the plaintiff, making the judgment of child support executory and maintaining the amount of child support. As to the issue of custody of the child, we amend the judgment to award sole custody of the child to the mother.
The judgment appealed from, as amended, is affirmed. Costs of this appeal to be borne by appellant, Keith Schexnayder.
AMENDED AND AFFIRMED.
NOTES
[1] We note that Deborah Schexnayder did not post an appeal bond. Ordinarily we would dismiss her appeal and not consider the issues raised therein. However at a pre-argument conference held prior to filing the record in this court, it was stipulated that child custody and child support were at issue. Under these circumstances, we consider the appeal to be the equivalent of an answer to the first appeal.