401 So.2d 445 (1981)
Marian Bruce McKNIGHT
v.
Robert McKNIGHT.
No. 14183.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied August 5, 1981.
Walton J. Barnes, Baton Rouge, for plaintiff-appellant Marian Bruce McKnight.
Ralph W. Brewer, Baton Rouge, for defendant-appellee Robert McKnight.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This divorce suit is before us on appeal on the question of whether the trial court properly found the wife was guilty of fault sufficient to deprive her of permanent alimony.
Marian Bruce McKnight and Robert McKnight were married on February 28, 1970, in East Baton Rouge Parish. The couple had lived together since 1958. Five children were born of the union and three of them were minors at the time of trial. The parties began experiencing marital difficulties some four months after they were legally married. Mrs. McKnight proved at trial that her husband often drank excessively, stayed away from the matrimonial domicile on numerous weekends and, by the husband's own admission, committed adultery during the marriage.
She filed this suit on December 17, 1979, for separation on the grounds of cruel treatment and non-support, and sought $650.00 per month as alimony and child support. Mrs. McKnight was granted the temporary care and custody of the minor children and was awarded alimony pendente lite and child support in the sum of $400.00 per month. Additionally, defendant was ordered to maintain payment of the house note on the matrimonial domicile and all reasonable medical, dental and drug bills incurred on behalf of the minor children. Mrs. McKnight later amended her petition seeking a divorce on the grounds of her husband's adultery. As noted above, the husband admitted adultery at trial and the *446 trial court found that a divorce should be granted on the grounds of adultery. However, the trial judge also stated in his judgment that Mrs. McKnight was "not without fault" and, on that ground, he denied permanent alimony, although awarding her $300.00 per month as child support. Mr. McKnight was ordered to continue payment of the mortgage notes on the family home and all reasonable medical and dental bills incurred on behalf of the minor children.
Mr. McKnight claims that, under the manifest error rule, the trial court's decision on the grounds of fault is entitled to great weight and should only be disturbed on appeal if the judgment of the trial court is clearly wrong. Mr. McKnight claims he proved at trial that his wife argued with him, failed to cook for him and, on occasion, refused to share the matrimonial bed with him. However, the evidence shows clearly that Mrs. McKnight was a good and faithful wife. She took care of the household, washed and dried the clothes, cooked all meals and, indeed, acted as the spiritual leader of the household. She admitted that on one occasion she refused to share the marriage bed with Mr. McKnight for about three weeks because she had contracted venereal disease from him. She refused to go to bed with him until he took the cure for the disease but, when he showed that he had taken the cure, she resumed marital relations with her husband. Mrs. McKnight's testimony in this regard was not refuted or in any way weakened by any evidence presented by Mr. McKnight at trial. We find that she certainly had good reason to refuse to go to bed with him on this particular occasion.
Under Louisiana Civil Code Article 160, dealing with alimony after final divorce, a spouse who seeks alimony must show that he or she was free from fault in terminating the marriage. Our courts have frequently interpreted the word "fault" to mean conduct or substantial acts of commission or omission by the spouse violative of his or her marital duties and responsibilities. To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Adams v. Adams, 389 So.2d 381 (La.1980); Pearce v. Pearce, 348 So.2d 75 (La.1977). For the purpose of permanent alimony, fault is synonymous with one of the grounds for separation or divorce under La. C.C. arts. 138 and 139.
Our close review of the pleadings and trial transcript in this case convinces us that Mrs. McKnight was in no way at fault for the termination of her marriage. She did her best to keep the marriage together. The arguing that occurred between the spouses was, by itself, insufficient to establish an independent ground of fault against Mrs. McKnight. The arguments, indeed, were often brought about by Mr. McKnight staying away from the matrimonial domicile and Mrs. McKnight questioning him as to his whereabouts. She clearly had legitimate reasons for asking these questions and the fact that she sometimes quarrelled with him under the circumstances of this case is, in our minds, insufficient to show that she was at fault in bringing about the dissolution of the marriage. Suffice it to say that for purposes of Article 160, Mrs. McKnight was completely free of fault.
In appealing Mrs. McKnight seeks permanent alimony, the award of which is now justified since we find her to be without fault. The only difference between the trial court pendente lite and permanent award was $100.00. Though the criteria for alimony pendente lite, La.C.C. art. 148, and alimony after divorce, La.C.C. art. 160, are different, we are of the opinion that the pendente lite award made by the trial court is reasonable enough to be used as the award after divorce.
Therefore, for the above and foregoing reasons,
IT IS ORDERED, ADJUDGED and DECREED that the judgment of the trial court finding Marian Bruce McKnight to be not without fault and alimony to her denied is reversed;
IT IS FURTHER ORDERED, ADJUDGED and DECREED that the judgment *447 be amended to render judgment in favor of the plaintiff, Marian Bruce McKnight, and against the defendant, Robert McKnight, ordering and condemning the defendant to pay as permanent alimony the sum of $100.00 per month, and to pay as child support the sum of $300.00 per month, payable in installments of $150.00 each, on the first and fifteenth days of each month, both commencing the first day of October, 1980; and the defendant Robert McKnight is ordered to continue the payment of the mortgage notes on the matrimonial domicile and all reasonable medical and dental bills incurred on behalf of his minor children; and
IT IS FURTHER ORDERED, ADJUDGED and DECREED that in all other respects the judgment appealed from is affirmed at defendant-appellee's costs.
REVERSED AND RENDERED.