SAMUEL, Judge.
Plaintiff filed this suit against his wife for a divorce based on continuously living separate and apart for more than two years. On September 30, 1976 he obtained a default judgment decreeing a divorce and giving custody of the couple’s 11 year old son to the wife. Neither alimony nor child support was at issue, and the divorce petition and judgment contain no mention of either.
On April 24, 1981, approximately five years after the judgment of divorce, Mrs. Perrilloux filed a rule to show cause why her former husband should not be ordered to pay alimony. Following a hearing, there was judgment dismissing the rule. Mrs. Perrilloux has appealed.
Our statutory law is quite clear regarding alimony after divorce. Only the spouse who has not been at fault and has not sufficient means for support can obtain such alimony.[1] And the burden of proving an absence of fault on his or her part is on the spouse seeking alimony.[2]
Here, appellant did not allege she was free from fault, nor did she offer any evidence regarding that issue. The evidence contained in the record consists solely of the testimony of the two litigants. Appellant testified only as to her need and lack of means. The other litigant, her former husband, did testify that appellant was at fault in the separation, but that testimony was objected to by appellant’s counsel, the objection was sustained, and the testimony was allowed to come in only as a proffer.
Thus, the record is totally devoid of any evidence showing, or tending to show, an absence of fault on the part of the appellant. Indeed, the only evidence regarding fault, by way of proffer, was the testimony given by her former husband, and that testimony, although incomplete, is that the appellant was at fault.
As there is no evidence showing an absence of fault on the part of appellant, and as such a showing, by a preponderance *485 of the evidence, is an indispensable part of any successful demand for alimony, her present demand must be dismissed. However, for the purpose of making certain Mrs. Perrilloux may file another rule seeking alimony and allege and offer proof as to her freedom from fault, we amend the judgment to the extent that we dismiss without prejudice.[3]
For the reasons assigned, the judgment appealed from is amended, affirmed as amended, and recast so as to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the demand of Dorothy Mae Pate Perrilloux for alimony be, and the same is, denied and dismissed without prejudice.
AMENDED, AFFIRMED AS AMENDED, AND RECAST.

. In pertinent part, Civil Code Article 160 reads:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income.”

. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702; Lloveras v. Reichert, 197 La. 49, 200 So. 817; Boudreaux v. Boudreaux, La.App., 407 So.2d 1363; Brister v. Brister, La.App., 402 So.2d 173; Adler v. Adler, La.App., 239 So.2d 494; Davidson v. Jenkins, La.App., 216 So.2d 682.

. We prefer not to remand, the only other alternative (see Davidson v. Jenkins, supra, note 2), because our solution effectively provides appellant with a choice and brings the present litigation to an end.