ALFORD, Judge.
This matter is before the Court as a result of a judgment of divorce rendered on May 21, 1982 and signed on the 26th day of May, 1982 by the judge of the Family Court, Parish of East Baton Rouge, Louisiana.
In the aforesaid judgment defendant and plaintiff-in-reconvention, appellant Michael W. Hollins was granted a divorce on the basis of the parties living separate and apart for a period in excess of one year. The trial court further found that fault had been established on the part of appellant and that Glenda Adams Hollins, plaintiff-appellee, was without fault. Additionally, the trial court further condemned appellant to pay alimony and child support.
From this judgment of the trial court, defendant Michael W. Hollins has appealed. We affirm.
*925 It appears to the Court that the real basis of this appeal is the question of fault, or the lack of it, which allows appellee to have permanent alimony.
The eligibility of a spouse to have permanent alimony is set out in LSA-C.C. Art. 160. That articles reads as follows:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability,. in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.”
This court stated in Oliver v. Oliver, 393 So.2d 192 (La.App. 1st Cir.1980), writ denied 397 So.2d 1358 (La.1981):
“[1, 2] LSA-C.C. Art. 160 controls when a spouse is eligible to collect permanent alimony. A spouse is not deprived of alimony after divorce simply because that spouse was not totally blameless in the marital discord. To constitute fault within the meaning of Article 160, the spouse s misconduct must not only be of a serious nature, but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the other spouse. Bruner v. Bruner, 364 So.2d 1015 (1978); Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir.1970), writ refused 257 La. 168, 241 So.2d 530 (1970). Fault sufficient to deprive a spouse of alimony is fault which, under LSA-C.C. Art. 138(l)-(8) or Art. 139, would be grounds for a separation from bed and board or a divorce, respectively. Adams v. Adams, 389 So.2d 381 ([La.] 1980); Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir.1979).”
The transcript in this matter is void of any testimony or proof that establishes fault on the part of appellee as is contemplated in Art. 160.
Appellant has raised the issue of the intrusion of the trial court into the evidence submitted regarding fault on his part and freedom of fault on the part of appellee. We find no abuse of the much discretion afforded the trial judge in determining fault or lack thereof in these matters.
Finally, appellant argues that the judgment of the trial court deprives him of a right to come back into court and show a true change of circumstances. That portion of the oral reasons for judgment complained of is as follows:
“At a previous hearing in this matter alimony pendente lite was set and child support in the total amount of four hundred and fifty dollars. The court at that time considered Mrs. Hollins’ relatively limited income; further considered that Mrs. Hollins had the capability to work and that she would be required to work. The court fixed four hundred and fifty dollars predicated upon both of those assumptions. The record shows that since that time she has attempted to work as a key punch operator for which she is trained. She did have fulltime employment but was unable to maintain that because of the inability to make suitable arrangements for the care of her child. *926 She thereafter took parttime employment as a key punch operator but that employment has now ended. The court believes that she will need additional income, even though she has the capacity to work as a key punch operator, to provide somewhat for her needs. The court is further of the opinion that the child is in need of support from his father and that the considerations at this time are substantially the same as they were at the time the alimony pendente lite was fixed. At which time the court in reality fixed an amount which represented just merely the equivalent of a pension or moderate additional amount to Mrs. Hollins based upon the fact that she could work. The court will, therefore, continue the alimony and support awards in the same amount as previously fixed, will allocate them as two hundred and fifty dollars per month as child support and two hundred dollars per month as permanent alimony.
It strikes us that the employment of ap-pellee was a factor taken into consideration by the trial court in fixing the award of support. Appellant was not and cannot be precluded from entry into court if there is a true change in circumstances.
For the above and foregoing reasons the judgment of the trial court is affirmed and the appeal of Michael W. Hollins is dismissed at his costs.
AFFIRMED.