433 So.2d 346 (1983)
Raymond J. PALMER, Plaintiff-Appellee-Appellant,
v.
Martha Darwin PALMER, Defendant-Appellant-Appellee.
No. 82-837.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
Rehearing Denied July 14, 1983.
Louis Corne, Lafayette, for defendant-appellant-appellee.
Hall, Lestage & Landreneau, David Lestage and F. Steve Landreneau, DeRidder, for plaintiff-appellee-appellant.
Before DOMENGEAUX, FORET and CUTRER, JJ.
DOMENGEAUX, Judge.
Raymond J. Palmer brought this suit against his wife, Martha Darwin Palmer, seeking a divorce based upon their allegedly being separated for a period of time in excess of one year. He further alleged acts of mental cruelty and/or abandonment on the part of his wife in an effort to have a previous award to her of alimony pendente lite in the sum of $1,500.00 per month terminated. The plaintiff also claimed in the alternative that if he were held to be at *347 fault in any manner whatsoever, that his wife had exhibited acts of mental cruelty and abandonment which were of such degree and magnitude so as to render their life together insupportable, and that this mutual fault was a bar to his wife's recovery of permanent alimony. Martha Palmer responded to the plaintiff's petition with a general denial, and further alleged that Raymond Palmer was solely at fault for the breakup of their marriage.
The trial court granted the plaintiff a divorce from the defendant. It further terminated the award of alimony to Martha Palmer after making a determination of mutual fault between the plaintiff and the defendant. Costs at trial were assessed equally against the plaintiff and the defendant.
Both parties have appealed to this Court, alleging that the district court erred in decreeing them to be mutually at fault in the breakup of the marriage. Mrs. Palmer avers that her husband was solely at fault and that she was entitled to receive alimony from him, while Mr. Palmer argues that the evidence supports a finding of fault solely on the part of his wife, such that she should be forced to pay all costs at trial as well as on appeal.
The evidence at trial indicated that the marriage between Raymond and Martha Palmer had been deteriorating for a considerable period of time prior to September 28, 1980, the day upon which their last separation occurred. In the early morning hours of that particular day, Mr. Palmer had returned home from a business trip and found his wife in bed. A discussion ensued, which subsequently developed into an incident resulting in Mrs. Palmer calling the police, complaining that Mr. Palmer was drunk and had "spanked" her bottom. The police came shortly thereafter, but no arrests were made. Mrs. Palmer left the residence, but apparently returned a short time later, whereupon she confronted her husband once again. During the fracas which followed, Mrs. Palmer contended that her husband pushed her down against a brick divider and kicked her in the stomach and about her body. Apparently, she retaliated by striking Mr. Palmer several times with a heavy, metal fireplace poker, inflicting puncture wounds on his body which required medical attention. Thereafter, Mr. Palmer left on a month-long business trip, during which time Mrs. Palmer either changed or added additional locks to the doors of the Palmer residence.
La.C.C. Article 160 provides that a spouse is entitled to alimony only when he or she has not been at fault. Fault which would deprive a wife of permanent alimony after divorce must consist of acts of commission or omission by the wife violative of her marital duties and responsibilities, and her conduct must be an independent contributory or proximate cause of the separation sufficient to have allowed the husband to obtain a judgment of separation against his wife under La.C.C. Article 138. Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982). The wife bears the burden of proving her freedom from fault in order to be entitled to alimony following divorce. Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App. 3rd Cir.1981); Brister v. Brister, 402 So.2d 173 (La.App. 1st Cir.1981); Lauro v. Lauro, 399 So.2d 1297 (La.App. 4th Cir. 1981).
In divorce and separation proceedings, the district court's finding of fact on the issue of fault will not be disturbed on appeal unless manifestly erroneous. Harrington, supra; Aguillard v. Aguillard, 380 So.2d 104 (La.App. 1st Cir.1979), writ denied 381 So.2d 1206 (La.1980). There was a considerable amount of additional evidence in the record concerning other acts of the plaintiff and defendant against one another, the detailing of which would serve no particular purpose to this decision. Suffice it to say that based upon all of this evidence, the trial court concluded that the record clearly established that both Mr. and Mrs. Palmer had committed multiple acts of fault toward each other. We have reviewed the record and cannot say that the trial judge's finding of mutual fault on the part of the plaintiff and the defendant was manifestly erroneous. We thereby adhere *348 to his conclusion that neither party established their own freedom from fault and that Mrs. Palmer was not thereby entitled to receive further alimony payments.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs at trial and on appeal are equally assessed against both the plaintiff and the defendant.
AFFIRMED.