451 So.2d 1336 (1984)
Ronald E. JERGINS
v.
Marie Elaine Seay JERGINS.
No. 83 CA 0959.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1337 Edward A. Shamis, Jr., Slidell, for plaintiff, appellant.
Walter P. Reed, Covington, for defendant, appellee.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is an appeal by the husband, Ronald E. Jergins, from a judgment on a rule to determine fault and to set alimony for the wife, Marie Elaine Seay Jergins. The trial judge determined the issue of fault, and found that the husband was at fault and the wife was free from fault. The court, although finding the wife not at fault, and, thus, entitled to alimony, decreed that "no award for alimony be made at this time against Ronald Eugene Jergins and in favor of Elaine Marie Seay Jergins." Other incidental matters were adjudicated in the rule, but they are not before the Court at this time.
On appeal, the husband contends that the trial court erred in finding him at "fault" and in finding his wife was "without fault." In this respect, appellant contends that the evidence in the record does not support the judge's finding that he was guilty of habitual drunkeness. There is no merit to this contention. Both the wife and the husband's daughter testified to his habitual *1338 intemperance and his staying out until the early morning hours. The lower court found this drunkeness to be the basic cause of the breakup of the marriage. The record does not support the husband's argument that there was a reconciliation.
The key question, of course, is whether Mrs. Jergins was "without fault." It is only the spouse who has not been at fault who may be entitled to alimony. LSA-C.C. art. 160. To be considered "fault," the spouse's misconduct must be of a serious nature and of an independent contributory cause of the breakup of the marriage. "Fault" which will preclude an award of permanent alimony must be such conduct as would entitle a spouse to a separation or divorce. Adams v. Adams, 389 So.2d 381 (La.1980). The meaning of without fault within the context of Article 160 of the Louisiana Civil Code is not synonymous with being totally blameless in the marital discord. Pearce v. Pearce, 348 So.2d 75 (La.1977). The basis for Mr. Jergin's contention that his wife was at fault is that she denied him sexual relations. In order for denial of sexual relations to be considered cruel treatment or fault within the context of the codal grounds, such conduct must be unjustifiable and persistent. Phillpott v. Phillpott, 285 So.2d 570, 572 (La.App. 4th Cir.1973), writ refused 288 So.2d 643 (La.1974); Denbo v. Denbo, 345 So.2d 1257 (La.App. 1st Cir.1977). This rule was reaffirmed by our Supreme Court in Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980).
In the instant case the record is void of any evidence that Mrs. Jergins was persistent in her refusal of sexual relations. She described her refusal as occasional, which she attributed to his drunkeness. Although Mr. Jergins disputed his wife's testimony, creating a factual dispute in the record regarding the wife's refusal of sexual relations, the trial judge chose to believe the wife's testimony. We find no abuse of the much discretion afforded the trial judge in determining fault or lack thereof in the instant case. Pearce v. Pearce, supra. Our review of the record convinces us that Mrs. Jergins was not guilty of any serious misconduct which was an independent contributory cause of the breakup of the marriage. She was not legally at fault.
For the reasons assigned, the judgment of the district court is affirmed at the appellant's costs.
AFFIRMED.