CURRAULT, Judge.
This appeal arises from a judgment of divorce granted plaintiff-husband, Rene A. Oubre, based on the parties’ living separate and apart for one year, but silent as to the question of fault.
On November 17,1983, plaintiff filed suit seeking a divorce from defendant, Gina Ou-bre, on the grounds of living separate and apart in excess of one year; and further alleged that Mrs. Oubre abandoned the marital domicile on October 9,1982 without lawful cause. Defendant’s answer and re-conventional demand denies the allegations of fault on her part; and, further, asks for alimony, child support, custody and divorce on the grounds of adultery.
Trial of the matter was held on April 13, 1984; and on April 16, 1984 a judgment was rendered in plaintiff’s favor granting the divorce on the basis of living separate and apart for one year pursuant to LSA-R.S. 9:301, without mention of either party’s fault.
Subsequently, defendant-wife, Gina Ou-bre, perfected this appeal alleging the following as error:
(1) Whether the trial court erred by not finding defendant without fault and, therefore, entitled to alimony;
(2) whether the trial court erred by granting a divorce on the grounds of living separate and apart in excess of one year;
(3) whether the trial court erred by not granting defendant, Gina Oubre, a divorce on the basis of her husband’s adultery.
On the first specification of error, appellant, Mrs. Oubre, asserts that the evidence at trial failed to prove fault, in particular abandonment, on her part. Thus appellant argues the trial court erred in failing to render a judgment indicating Mrs. Oubre’s freedom from fault which would entitle her to post-divorce alimony.
LSA-C.C. Article 160(A) provides, inter alia, that:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income.”
The burden of proving the absence of fault is upon the spouse seeking post-divorce alimony. LSA-C.C. art. 160; Perrilloux v. Perrilloux, 424 So.2d 483 (La.App. 5th Cir.1982). Fault sufficient to preclude post-divorce alimony is conduct violative of the marital duties and responsibilities and that conduct must be an independent contributory or proximate cause of the separation or divorce. It is such conduct as would entitle the other spouse to a separation or divorce. Palmer v. Palmer, 433 So.2d 346 (La.App.3d Cir.1983), writ den. 441 So.2d 213 (La.1983); Firstley v. Firstley, 427 So.2d 76 (La.App. 4th Cir.1983). Where abandonment is alleged, proof of all the elements must be met in order for the party alleging the abandonment to prevail, i.e., withdrawal from the matrimonial domicile, without lawful cause and a constant refusal to return. O’Pry v. *615 O’Pry, 425 So.2d 986 (La.App. 5th Cir.1983); LSA-C.C. art. 143.
In this case, plaintiff failed to introduce any evidence as to Mrs. Oubre’s alleged abandonment or any other fault. The only testimony presented in this regard was given by defendant’s witness, Karrie Lasyone, who considered herself a family member having resided with the Ou-bre’s for fifteen years prior to her marriage. She testified that she returned to the Oubre home to reside during the period the parties were experiencing marital problems. She stated that Mrs. Oubre was forced from the domicile due to Mr. Ou-bre’s threats against her and his demands that she leave the home.
After reviewing the evidence, we find that there was insufficient evidence to show abandonment. Nor do we find any other evidence which could amount to a statutory ground for a fault finding. Consequently, as the issue was properly before the court, we find the trial court erred in failing to find Mrs. Oubre free from fault for purposes of post-divorce alimony.[1]
Appellant’s second issue relates to appellee’s entitlement to a divorce based on the grounds of living separate and apart for one year under LSA-R.S. 9:301.[2] We find this allegation to be meritless.
The petition for divorce was filed by Mr. Oubre on November 17, 1983. Mr. Oubre testified that a judgment of separation was rendered in October of 1983; and both he and Myra Carmouche, his fianceé, testified that Ms. Carmouche resided with him from July, 1983, until date of trial. In his petition for divorce, Mr. Oubre alleged that defendant left the marital domicile in October, 1982. Conversely, Mrs. Oubre, in her answer and reeonventional demand (filed January, 1984) asserted she was forced out of the home by Mr. Oubre in March, 1983. At trial, however, she testified she wasn’t sure of the date, but thought it was in September, 1983. Mrs. Lasyone stated she believed that Mrs. Oubre withdrew in November, 1983, although she wasn’t sure of the date either.
In judgment, the trial court found that the parties lived separate and apart without reconciliation from October 9, 1982. We find no error in this factual finding in light of Mrs. Oubre’s vague and contradictory statements. Thus, the trial court was not manifestly erroneous in finding that the elements of LSA-R.S. 9:301 were met entitling Mr. Oubre to a divorce on that basis. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Appellant’s third specification of error relates to the failure of the trial judge to grant the divorce based on the adultery of Mr. Oubre.
In this regard, the evidence is clear that Mr. Oubre committed adultery prior to his divorce. Mr. Oubre; his fianceé, Ms. Car-mouche; and the appellant’s witness, Mrs. Lasyone, testified without objection to Mr. Oubre’s adulterous relationship with Ms. Carmouche from sometime following the separation and continuing until date of trial.
While we have determined the divorce was properly granted based on LSA-R.S. 9:301, we further find that the evidence supports a finding of fault on the part of Mr. Oubre.
Therefore, for the foregoing reasons, after a review of the law and evidence, we hereby affirm the trial court judgment of divorce based on LSA-R.S. 9:301, but amend the judgment to further reflect our finding of Mr. Rene Oubre’s fault in the dissolution of the marriage and Mrs. Gina Oubre’s freedom from fault.
Costs of this appeal are to be divided between the parties.
*616 AFFIRMED IN PART; AMENDED IN PART, AND RENDERED AS AMENDED.

. We make no finding of Mrs. Oubre’s actual entitlement to alimony at this time since appellant produced no evidence as to her need in trial of this matter.

. LSA-R.S. 9:301 provides:
"When the spouses have been living separate and apart continuously for a period of one year or more, either spouse may sue for and obtain a judgment of absolute divorce.”