478 So.2d 617 (1985)
Wilbur Gene BLAKE, Plaintiff-Appellant,
v.
Shirlee Faye Johnson BLAKE, Defendant-Appellee.
No. 17290-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1985.
Travis M. Holley, Bastrop, for plaintiff-appellant.
*618 Woodrow Wilson, Bastrop, for defendant-appellee.
Before HALL, C.J., and JASPER E. JONES and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiff, Wilbur Gene Blake, appeals from the judgment of the district court awarding defendant, Shirlee Faye Johnson Blake, permanent alimony in plaintiff's action for divorce. Plaintiff argues that the defendant was at fault in the termination of the marriage so as to be precluded from alimony. We agree and reverse that portion of the judgment of the district court awarding alimony to the defendant.

FACTUAL BACKGROUND
The plaintiff and defendant were married on July, 1977. No children were born of the marriage. Plaintiff instituted the instant action for a divorce on November 3, 1983 alleging that the parties had lived separate and apart from October 31, 1982 and had not reconciled since that date. In defendant's answer, defendant alleged that she was not at fault and reconvened against plaintiff for permanent alimony.
At the trial on the merits, the evidence established that following a dispute plaintiff left the matrimonial domicile for an overnight stay. After the plaintiff returned home, defendant moved from the family home the following day. Defendant testified that she left the matrimonial domicile primarily because the parties worked too much and did not have enough time for each other, causing her to feel "lonely." The evidence indicated that defendant did not depart from the matrimonial domicile as a result of any particular conduct on the part of the plaintiff. Although plaintiff attempted to reconcile with the defendant on several occasions after the parties separated, defendant did not feel she could return to the matrimonial domicile and live with plaintiff as his wife as she liked being her "own person."
The trial court granted plaintiff a divorce on the grounds that the parties had lived separate and apart in excess of one year pursuant to LSA-R.S. 9:301. The court found that defendant was not at fault for the couple's separation and was in necessitous circumstances so as to be entitled to permanent alimony. Defendant was awarded alimony in the amount of $125.00 per month.

ASSIGNMENTS OF ERROR
Plaintiff-appellant specifies the following errors:
1. The trial court erred in finding that the defendant was free from fault, specifically that defendant had not abandoned plaintiff; and
2. The trial court erred in finding that defendant was without sufficient means for her support.

FAULT OF DEFENDANT
It is well-settled that the findings of fact by the trial court on the issue of fault will not be disturbed on appeal unless manifestly erroneous. Tate v. Tate, 442 So.2d 1379 (La.App.3d Cir.1983); Palmer v. Palmer, 433 So.2d 346 (La.App.3d Cir. 1983), writ denied, 441 So.2d 213 (La.1983); Taddonio v. Kinney-Taddonio, 428 So.2d 486 (La.App.4th Cir.1983) and citations therein. A spouse is entitled to alimony only if he or she was free from fault in the termination of the marriage. LSA-C.C. Art. 160; Jergins v. Jergins, 451 So.2d 1336 (La.App.1st Cir.1984); McKnight v. McKnight, 401 So.2d 445 (La.App.1st Cir. 1981), writ denied, 406 So.2d 627 (La.1981); Palmer v. Palmer, supra; Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App.3d Cir. 1981) and citations therein. To constitute fault, the conduct of the spouse must not only be of a serious nature but also must be an independent contributory or proximate cause of the separation. Conduct which is sufficient to deprive a spouse from being entitled to alimony is synonymous with the fault grounds for a separation and divorce enumerated in LSA-C.C.Arts. 138 and 139. Jergins v. Jergins, supra; Hollins v. Hollins, 428 So.2d 924 (La.App.1st Cir.1983); McKnight v. McKnight, supra; Slaughter v. Slaughter, 436 So.2d 1352 (La.App.3d Cir.1983); Boudreaux v. Boudreaux, *619 supra; Taddonio v. Kinney-Taddonio, supra; Holmgren v. Holmgren, 425 So.2d 977 (La.App.5th Cir.1983) and numerous citations therein. The spouse claiming entitlement to permanent alimony bears the burden of proving freedom from fault in the termination of the marriage. Slaughter v. Slaughter, supra; Boudreaux v. Boudreaux, supra and citations therein.
The requirements for proof of abandonment, a ground for separation under LSA-C.C. Art. 138, consists of three separate and distinct elements as follows:
1. The party has withdrawn from the common dwelling; and
2. The party left without lawful cause; and
3. The party has constantly refused to return to live with the other.
LSA-C.C. Art. 143; Quinn v. Quinn, 412 So.2d 649 (La.App.2d Cir.1982), writ denied, 415 So.2d 941 (La.1982) and 415 So.2d 945 (La.1982); Dugas v. Dugas, 424 So.2d 1189 (La.App.1st Cir.1982); Schexnayder v. Schexnayder, 343 So.2d 393 (La.App.4th Cir.1977); Schirrmann v. Schirrmann; 436 So.2d 1340 (La.App.5th Cir.1983), writ denied, 440 So.2d 761 (La.1983) and 440 So.2d 764 (La.1983); O'Pry v. O'Pry, 425 So.2d 986 (La.App.5th Cir.1983) and citations therein. Lawful cause which justifies the withdrawal from the common dwelling has been held by this court to be that which is substantially equivalent to a cause giving the withdrawing spouse grounds for a separation under LSA-C.C. Art. 138. Mere friction or dissatisfaction in the relationship or incompatibility between the spouses, however intense, is not enough to constitute lawful cause. Quinn v. Quinn, supra. See also Dugas v. Dugas, supra.
The primary issue before this court is whether defendant was guilty of abandonment and thus, at fault in the termination of the marriage. If so, defendant is precluded from receiving permanent alimony.
The evidence establishes that defendant left the family home without lawful cause and refused to return despite plaintiff's attempts for a reconciliation. It is clear that defendant's sole reason for leaving was general dissatisfaction with the relationship because the couple had little time for each other rather than due to any particular conduct on the part of the plaintiff. Defendant indicated that she had no desire to resume the marital relationship as she liked being "her own person." These reasons do not amount to lawful cause for leaving the marital home. Because defendant withdrew from the family home without lawful cause and has refused to return, she is guilty of abandonment within the contemplation of LSA-C.C. Art. 143. Therefore, the trial court erred in finding defendant free from fault.
Defendant argues that the failure of plaintiff to allege defendant's fault in his pleadings did not place defendant on notice that fault would be an issue at the trial on the merits and prejudiced defendant at trial when plaintiff sought to prove defendant's fault. Defendant cites Carter v. Carter, 316 So.2d 829 (La.App.1st Cir.1975), writ refused, 320 So.2d 913 (La.1975), as authority.
In Carter v. Carter, supra, the defendant-wife reconvened against the plaintiffhusband for alimony alleging that she was not at fault in the separation. The plaintiff-husband filed an answer to the reconventional demand generally alleging that defendant-wife was guilty of "mental and physical cruelty." The court found that these alleged acts were set forth in broad and unspecific terms so as to impose an unreasonable burden of proof upon the defendant-wife. Noting that the burden of proof of freedom from fault so as to be entitled to alimony was a heavy burden and involved proof of a negative, the court found the burden of proof must be applied with reason and fairness. The court stated that unless the wife is informed by the husband's answer to her petition for alimony of some specific allegation of fault on her part, she would be put in the impossible position of disproving every possible fault which could cause a separation. In examining Carter v. Carter, supra, the court in *620 Smith v. Smith, 357 So.2d 93 (La.App.4th Cir.1978) stated that the case does not stand for the proposition that the husband is required to affirmatively answer the wife's reconventional demand but rather raises the question of fairness and consideration of the effect of the evidence presented in the discharge of her burden of proof. See also Baham v. Baham, 456 So.2d 1032 (La.App.5th Cir.1984).
In the instant case, plaintiff did not file an answer to defendant's reconventional demand for alimony. The omission may have occurred because defendant did not label the answer as a reconventional demand as required by LSA-C.C.P. Art. 1032 and the petition in reconvention was not served properly upon plaintiff in accordance with LSA-C.C.P. Art. 1063. However, under Louisiana jurisprudence the failure to join issue by filing an answer or entering a preliminary default is waived where the parties go to trial without objection. See Reynolds v. Reynolds, 228 So.2d 182 (La.App.3d Cir.1969); Manuel v. Broderson, 298 So.2d 333 (La.App.3d Cir.1974) and citations therein.
Defendant specifically put fault at issue when she alleged that she was free from fault and reconvened for permanent alimony. The burden of proof was on her to establish her freedom from fault. At the trial on the merits, defendant offered evidence of her freedom from fault, made no objections to the introduction of evidence pertaining to her fault, and much of the evidence concerning defendant's fault came from defendant's own testimony. While unexpected accusations of misconduct can act to create an unfair burden of proof on the spouse attempting to prove freedom from fault, it does not appear that such occurred under the facts of the instant case. The fact of her leaving the marital home was from the outset an obvious point of contention in determining the issue of her freedom from fault. See Baham v. Baham, supra.
As defendant was guilty of abandonment, which is a ground for separation enumerated in LSA-C.C. Art. 138, she was at fault and is therefore precluded from entitlement to permanent alimony.

DECREE
For these reasons, the judgment of the trial court is reversed insofar as it awards permanent alimony to defendant, Shirlee Faye Johnson Blake, and her demands for permanent alimony are rejected. In all other respects the judgment is affirmed. Costs of this appeal are assessed to defendant.
REVERSED IN PART, AFFIRMED IN PART.