GRISBAUM, Judge.
This appeal relates to a domestic matter (a suit for separation). The defendant-wife appeals. We affirm in part and set aside in part.
The sole issue presented is whether the trial court erred in its finding that Linda Murphy Rensch was at fault in the separation.
Linda Murphy and Albert Rensch were married in January 1981 and thereafter resided in Jefferson Parish. On May 31, 1985, Albert Rensch filed a petition for separation, alleging his wife had abandoned the matrimonial domicile on May 25, 1985, and had refused to return. Linda Rensch answered by denying she abandoned the matrimonial domicile and reconvened seeking a separation on grounds of Albert Rensch’s refusal to support her and provide her with medical care. Additionally, she alleged cruel treatment and claimed her husband forced her to leave the matrimonial domicile. In the judgment signed on February 12, 1986, each party was awarded the separation in their favor.
In addressing the only issue presented, we see our jurisprudence unequivocally states that a party seeking a legal separation on grounds of abandonment must prove the elements thereof: the party has withdrawn from the common dwelling, without lawful cause, and has constantly refused to return to live with the other. Oubre v. Oubre, 466 So.2d 613 (La.App. 5th Cir.1985). Once proven, the burden then shifts to the opposing party to prove the alleged abandonment was done with lawful cause or adequate provocation. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976). Lawful cause for leaving the matrimonial domicile is a defense to a claim of fault based upon abandonment. Edelen v. Edelen, 457 So.2d 171 (La.App. 2d Cir.1984).
“Lawful cause” necessary to justify a spouse’s leaving the matrimonial domicile is not the equivalent of lawful grounds for a separation from bed and board under La.C.C. art. 138. When spouses are incompatible and come to this realization after sufficient reflection and reasonable attempts to resolve their differences, the law does not require them to continue living together until one or the other finally gathers sufficient evidence to prove one of the grounds listed in La.C.C. art. 138. If neither spouse has grounds for a legal separation, the spouses can agree to live separately until the passage of time required for *19 obtaining a separation on the grounds of living apart, and the party leaving the matrimonial domicile is not automatically guilty of abandoning the spouse who remains. Sykes v. Sykes, 321 So.2d 805 (La.App. 4th Cir.1975). Fault is a question of fact, and the trial court’s finding on the issue will not be disturbed on appeal absent a manifest abuse of discretion. Kaplan v. Kaplan, 453 So.2d 1218 (La.App. 2d Cir.1984), writ denied, 458 So.2d 484 (La.1984); Jenkins v. Jenkins, 441 So.2d 507 (La.App. 2d Cir.1983), writ denied, 444 So.2d 1223 (La.1984).
Linda Rensch testified that she left the matrimonial domicile near the end of May 1985, taking her clothes and the television and giving the washer and dryer back to her sister and brother-in-law. Her stated intent was “to leave, to get away,” and she had no intention to return to the domicile. Albert Rensch claims he did not know his wife was going to leave, and he did not think he gave cause for her to leave.
Therefore, it is undisputed that Linda Rensch left the matrimonial domicile and had no intention to return. Moreover, she had the burden of proving by a preponderance of the evidence that she had “lawful cause” to abandon the matrimonial domicile. She testified that her husband had asked her to leave several times, had cursed her, and had excluded her from his health and automobile insurance coverages. She claimed he blamed her for everything, driving her to attempt suicide. Her mother corroborated the fact that he would not pay for his wife’s hospitalization. On the other hand, it seems the trial court’s remark that “she left and he says he never gave her indication to do so” was an evaluation of credibility. Accordingly, it is apparent the trial court tended to accept Albert Rensch’s testimony as compared to Linda Rensch’s claims. We find the husband’s failure to include his wife under his health and automobile insurance coverages does not, of itself, provide “lawful cause” for abandonment.
Moreover, we find it legally inconsistent that the trial court could find the husband was entitled to a judgment based on abandonment, and, on the other hand, could rule, in the same judgment, in the same proceeding, that “the wife had a legal cause to leave,” which was the basis of her petition in reconvention. These findings, we suggest, are mutually exclusive. The record supports abandonment. It is uncontested the wife left the matrimonial domicile, refused to return, and planned, in fact, to return to her family. Therefore, we affirm that part of the judgment regarding abandonment. However,, we set aside that part of the judgment which granted the separation in favor of the petitioner-in-re-convention, the wife.
For the reasons assigned, we set aside that part of the judgment dated February 12, 1986, which reads, “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be Judgment herein in favor of the petitioner-in-reconvention, Linda Murphy, wife of Albert A. Rensch, and against defendant-in-reconvention, Albert A. Rensch, awarding unto petitioner-in-recon-vention a Judgment of Legal Separation.” In all other respects, we affirm the judgment. All costs of this appeal are to be assessed against the appellant.
AFFIRMED IN PART AND SET ASIDE IN PART.