519 So.2d 1177 (1987)
Harry L. ROLAND, Sr.
v.
Elizabeth Ann McClendon ROLAND.
No. 86 CA 1496.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
On Rehearing February 24, 1988.
*1178 Arnold Gibbs, Baton Rouge, for plaintiff-appellee Harry L. Roland, Sr.
John A. London, III, Baton Rouge, for defendant-appellant Elizabeth McClendon Roland.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Elizabeth Ann McClendon Roland (defendant) appeals the judgment of the trial court granting her husband, Harry L. Roland, Sr. (plaintiff), a divorce under LSA-R. S. 9:301 and finding defendant at fault in the breakup of the marriage, thereby barring her from receiving permanent alimony. Plaintiff has timely answered the appeal and asked for damages for frivolous appeal.
Plaintiff originally filed suit for separation on the grounds of mental and physical cruelty and constructive abandonment. He then supplemented his suit by seeking the alternative relief of divorce under LSA-R. S. 9:301. In both the original and supplemental petitions he asked that defendant be found at fault.
The trial judge found that the record was clear that the parties had lived separate and apart without reconciliation for more than one year and granted a divorce under LSA-R.S. 9:301. He further found that defendant was habitually intemperate, which contributed to the breakup of the marriage; that she was verbally abusive to plaintiff, both publicly and privately; and that plaintiff had endured the humiliations and cruelties defendant directed toward him until "it just became absolutely an intolerable situation." Although defendant was thus barred from receiving permanent alimony, plaintiff was forced to continue payment of alimony pendente lite of $800.00 per month during the pendency of this appeal. Defendant also was granted the exclusive use of the family home during the pendency of the appeal, and plaintiff was ordered to pay the house payments of $216.00 per month.
Defendant does not contend on appeal that the trial court erred in granting the divorce. She assigns only two errors: (1) that plaintiff abandoned his claim for separation at trial and thus the trial court erred in allowing plaintiff to raise issues of defendant's fault; and (2) that the trial court erred in finding that defendant was not free from fault.
Defendant's first assignment of error clearly is without merit. It is a basic rule of Louisiana civil procedure that a litigant may seek alternative relief or allege alternative causes of action, e.g., separation and divorce, without electing between the forms of relief or the causes of action at trial. LSA-C.C.P. arts. 891, 892; Board of Commissioners v. Shushan, 197 La. 598, 2 So.2d 35, 39 (1941). The fact that the trial judge chose to grant a divorce under LSA-R.S. 9:301 rather than a separation based on cruel treatment does not mean that plaintiff "abandoned" his separation suit. Furthermore, defendant's statements in brief that plaintiff "presented no evidence as to his cause for separation and proceeded only with his claim for divorce" and that plaintiff "made claims as to his wife's supposed fault, but abandoned them at trial" are totally unsupported by the record. Plaintiff presented evidence at trial that he had been separated from defendant for more than one year and that he had been cruelly treated by defendant. The record contains in excess of two hundred pages of testimony as to defendant's fault, all taken without objection by and with the participation of defendant's attorney.
Defendant's second assignment of error is also without merit. Defendant states in brief that "the evidence clearly shows that Mrs. Roland is free from fault." However, it is our opinion that defendant submitted no credible evidence that she was free from fault. In support of his *1179 claim that defendant was at fault, plaintiff submitted the testimony of three family friends and neighbors who frequented the Roland home until defendant's drinking and unpleasantness toward them and the members of her household drove them away. Arthur Nichols, his wife Wanda Nichols, and Jerry Kellum each testified that defendant drank constantly, and that she argued with plaintiff and called him vulgar names in their presence frequently. Plaintiff and his four adult children of a previous marriage, three of whom were living with plaintiff and defendant at the time of the separation, also testified that defendant drank daily, that she was drunk almost every day, and that she argued with them and called plaintiff obscene names daily.
Defendant attempted to carry her burden of proving that she was free from fault by the testimony of her son of a previous marriage, Joseph Harris, her close friend Ora Gueho, and her own testimony. Harris testified that his mother drank wine, gin, and beer, but that she did not have a drinking problem. He further testified that he had heard her curse plaintiff and call him unpleasant, derogatory names; that she continually found fault with plaintiff; and that he spent as much time out of the house as possible because of the constant fighting between his mother and his stepfamily. Gueho testified that defendant drinks beer now and then, but never to excess. However, on cross-examination she testified that she had been in the Roland home only three times; that she had no way of knowing whether defendant drank at home; and that all she knew about the Roland marital problems was what defendant told her.
Defendant testified that she is not an alcoholic, although she admitted drinking beer, wine, amaretto, and maybe gin. She admitted that she argued with plaintiff at least twice a week, found fault with him every day, and referred to him by one specific obscene name. She also testified that she got upset with plaintiff's children at least once a day.
Fault which will preclude an award of permanent alimony must be misconduct of such a serious nature that it would entitle a spouse to a separation or divorce and must be an independent contributory cause of the breakup of the marriage. Adams v. Adams, 389 So.2d 381 (La.1980); Jergins v. Jergins, 451 So.2d 1336 (La.App. 1st Cir. 1984). The trial judge did not abuse his much discretion in finding that defendant was guilty of serious misconduct which was an independent contributory cause of the breakup of the marriage.
Plaintiff has answered the appeal seeking damages for frivolous appeal under LSA-C.C.P. art. 2164. Plaintiff contends that defendant appealed solely to delay the date judgment of divorce becomes final, thereby extending his liability for payment of alimony pendente lite and home mortgage payments.
Damages for frivolous appeal are appropriate only when it is obvious that the appeal was taken solely for delay or where the proposition advocated is "so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes." Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634, 637 (1965). In this case, defendant raised two assignments of error, neither of which has a basis in law or fact, both of which were scantily briefed. We can find no basis for the appeal other than defendant's desire to delay the inevitablethe termination of the marriage and, with it, the termination of plaintiff's obligation to pay alimony pendente lite and to pay the entirety of the mortgage payments on the family home without the right to use it. We thus conclude that damages for frivolous appeal are appropriate in this case.
The appellate court, operating under the provisions of LSA-C.C.P. art. 2164, should take into account every legitimate item of damages which plaintiff has suffered by reason of an unwarranted appeal taken only for purposes of delay. Samford v. Samford, 297 So.2d 465 (La.App. 2d Cir.1974). Attorney fees for protecting a judgment on appeal are an element of damages *1180 for frivolous appeal. Shatoska v. International Grain Transfer, Inc., 465 So. 2d 32, 39 (La.App. 1st Cir.1984); Coleman Oldsmobile, Inc. v. Cobb, 366 So.2d 994, 997 (La.App. 1st Cir.1978). Another element of damages is reimbursement for alimony paid during the pendency of a baseless appeal. Samford, 297 So.2d at 468.
We award plaintiff damages as follows: (1) attorney fees of $500.00, (2) a return of all alimony paid since the date the judgment of the trial court would otherwise have become final (and to continue until this opinion becomes final), and (3) one-half (defendant's share) of the mortgage payment paid since the date the trial court's judgment would otherwise have become final (and to continue until this opinion becomes final). All costs are taxed to defendant.
AFFIRMED AS AMENDED.

ON APPLICATION FOR REHEARING
PER CURIAM.
Harry L. Roland, Sr.'s application for rehearing is granted for the limited purpose of determining whether the judgment rendered is incorrect because we failed to award sufficient damages and to fix the date from which legal interest was to commence on the damages awarded.
The purpose of a damage award is to restore the injured party, as closely as possible, to the position he occupied prior to the act which caused the damage. Great American Surplus Lines Insurance Co. v. Bass, 486 So.2d 789 (La.App. 1st Cir.), writ denied, 489 So.2d 245 (La.1986); Langendorf v. Administrators of Tulane Education Fund, 361 So.2d 905 (La.App. 4th Cir.), writs denied, 363 So.2d 1384 and 364 So.2d 120 (La.1978). After further examination and consideration, we have determined that our award of attorney fees was inadequate, and, accordingly, increase it to $1,500.00.
Additionally, in order to make appellee whole, we award judicial interest from the date each mortgage and alimony pendente lite payment was made. Interest on the award of attorney fees, however, is to run only from date of judgment. See Alexander v. Burroughs Corp., 359 So.2d 607, 614 (La.1978).
Accordingly, the final paragraph of our original opinion is amended to read as follows:
We award plaintiff damages as follows: (1) attorney fees of $1,500.00, plus legal interest from December 22, 1987, until paid; (2) a return of all alimony paid since the date the judgment of the trial court would otherwise have become final (and to continue until this opinion becomes final), together with legal interest from the date of each payment; and (3) a return of one-half (defendant's share) of the mortgage payments paid since the date the trial court's judgment would otherwise have become final (and to continue until this opinion becomes final), together with legal interest from the date of each payment. All costs are taxed to defendant.
AFFIRMED AS AMENDED.