THERIOT, J.
|2The plaintiff-appellant, Enrico Rogers, appeals a judgment rendered by the Office of Workers’ Compensation, District 6, finding in favor of the defendant-appellee, Waste Management of Louisiana, LLC (Waste Management) by terminating disability benefits to Enrico Rogers. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Enrico Rogers was involved in a motor vehicle accident on or about August 15, *1191 2011, while in the course and scope of employment with the defendant, Waste. Management. Mr. Rogers was riding as a passenger in a garbage truck when it was struck by another vehicle. Waste Management paid benefits to Mr. Rogers for his lower back injuries related to this accident. These benefits were terminated by Waste Management on February 12, 2014. The reason given for termination was that Mr. Rogers had reached maximum medical improvement and was deemed able to return to full-time employment. Waste Management based their decision to terminate benefits on medical reports from a pain management specialist, Dr. Cha,d Do-mangue, a clinical psychologist and neu-ropsychologist, Dr. Kevin. Greve, and a psychiatrist, Dr. Richard Roniger.
Mr. Rogers was examined by other doctors who gave reports that conflicted with the findings of Drs. Domangue, Greve, and Roniger. Dr. John Logan found damage to Mr. Rogers’s lumbar spine, but noted improvements in his condition over time. Psychiatrist Dr. John MacGregor found Mr. Rogers to exhibit some suicidal behaviors related to incapacitation from the accident. An independent medical examiner, Dr. Ralph Katz, had findings that were consistent with those of Drs. Domangue, Greve, and Roniger, i.e., that Mr. Rogers was malingering.
laMr.' Rogers filed a disputed claim for compensation on February 19, 2014. He disputed the termination of his benefits, wished to remain on temporary total disability (TTD) status, and requested interest, penalties, and attorney fees. Following a hearing before the Office of Workers’ Compensation (OWC), a judgment was signed on July 9, 2015,'finding that Waste Management was not arbitrary or capricious in terminating Mr. Rogers’s benefits. Attorney fees and penalties were therefore not assessed against Waste Management. In its written reasons, the OWC stated Mr. Rogers did not carry his burden proving that he had an existing disability as of February 12, 2014.
Mr. Rogers filed a timely appeal. Waste Management filed an answer to the appeal, seeking attorney fees against Mr. Rogers for filing what it claims to be a frivolous appeal.
ASSIGNMENTS OF ERROR
Mr. Rogers presents the following assignments of error:
1. The OWC erred in finding that Mr. Rogers was not temporarily and totally disabled and was not entitled to indemnity benefits as of February 12,2014.
2. The OWC erred in relying mpon the . medical records of a pain management physician with whom Mr. Rogers visited only once to- override the opinions of Mr. Rogers’s treating orthopedic surgeon.
3. The OWC erred' in failing to find that the workers’ compensation insurer wrongfully terminated benefits on February 12, 2014.
4. The OWC erred in failing to find that termination of benefits was without reasonable cause and was arbitrary and capricious.
STANDARD OF REVIEW
In workers’ compensation cases, the appropriate standard of review to be applied by appellate courts is the manifest error-clearly wrong standard. To reverse a factual finding by a workers’ compensation judge, , the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the judge and that the record establishes that the finding .is clearly wrong. The issue to be resolved by the Previewing court is not whether the trier *1192 of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. Where two permissible views of the evidence exist in a workers’ compensation . case, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
Millender v. BASF Corp., 2013-2253 (La.App. 1 dr. 12/23/14), 168 So.3d 649, 654-655. (citations omitted)
Generally the effect and weight to be given medical expert testimony is within the factfinder’s broad discretion. A trier of fact may accept or reject, in whole or in part, the opinions expressed by experts. Id. at 655-656. ' "
DISCUSSION
All four of Mr. Rogers’ assignments of error deal with the same issue: whether the trial court erred in denying him TTD status and upholding Waste Management’s termination of his benefits. We will therefore treat his assignments of error as one and review them together.
Abundant testimony was given at the hearing including that of Mr. Rogers and his girlfriend, both of whom the OWC found to be credible. The OWC also noted the value of Dr. Logan’s testimony, but found that his expert opinion, by itself, could not carry Mr. Rogers’ burden at trial, because there was other medical evidence that conflicted with Dr. Logan’s opinion.
Mr. Rogers argues the OWC relied on-only one opinion of a pain management physician, Dr. Domangue, to reach its decision. The specific statement to which Mr. Rogers refers in Dr. Domangue’s report states as follows: “Not sure why this claim has gone on for over 2 years with no objective findings.” It is unclear why Mr. Rogers believes that the OWC based the entire judgment upon this one statement, when neither the judgment nor the written reasons support such a conclusion.
Despite Mr. Rogers’s argument on appeal, there is a great deal of testimony that is consistent with and supports Dr. Domangue’s report. Dr. | .¡Greve had the opportunity to review Mr. Rogers’s medical record and interview him in person. Dr. Greve concluded Mr. Rogers was malingering, stating' “there is no reliable evidence that he ever had any psychological issues related to the accident(s) in question:” Dr. Roniger performed a similar examination of’Mr. Rogers, reviewing his full medical record, including Dr. Greve’s report, stating, “I do not think that Mr. Rogers is' disabled from the psychiatric perspective.” When Dr. Katz examined Mr. Rogers, he concluded': “After review [of] the medical records and performing a physical examination, it is my opinion that Mr. Rogers showed evidence of exaggerated symptomology with pain but of proportion to the examination.... ”
The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding of the trial court, but if the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The OWC clearly accepted the opinions of Dr. Domangue, Dr. Greve, Dr. Roniger, and Dr. Katz over that of Dr. Logan. There is sufficient evidence in the record to conclude the OWC’s ruling is reasonable. We therefore cannot overturn the OWC’s judgment based on the manifest error standard of review.
In its answer to the appeal, Waste Management seeks attorney fees for what it claims to be a frivolous appeal filed by Mr. Rogers. Waste Management alleges that the appeal is devoid of factual and *1193 legal support. We disagree. While Mr. Rogers may not prevail in this appeal, he does provide both factual and legal support for his claim. Damages for frivolous | fiappeal are appropriate only when it is obvious that the appeal was taken solely for delay or where the proposition advocated is so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes. Roland v. Roland 519 So.2d 1177, 1179 (La.App. 1 Cir.1987).
Mr. Rogers submitted to this court an organized, well-written brief that adequately addressed the evidence and testimony introduced at trial, and cites a number of cases as legal support for his argument. Roland provides a stark contrast, where the defendant in that case raised two assignments of error which had no basis in law or fact and were scantily briefed. It was evident from the lack of effort put into that brief that the defendant intended to delay the termination of his marriage. Id. We therefore find Mr. Rogers’s appeal is not frivolous.
DECREE
The judgment of the Office of Workers’ Compensation, District 6, finding that the appellee, Waste Management, LLC, was not arbitrary and capricious in its termination of benefits to the appellant, Enrico Rogers, and denying the assessment of attorney fees and penalties, is affirmed. The appellee’s request for attorney fees for frivolous appeal is denied. All costs of this appeal are assessed to claimant/appellant, Enrico Rogers.
AFFIRMED.